IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| WORLDVENTURS HOLDINGS, LLC, WORLDVENTURES MARKETING, LLC, WORLDVENTURES MARKETING LIMITED, WORLDVENTURES CANADA INC., WORLDVENTURES MARKETING B.V., WORLDVENTURES MARKETING (HONG KONG) LIMITED, WORLDVENTURES MARKETING PTE. LTD., WORLDVENTURES TAIWAN LTD., WORLDVENTURES MARKETING PTY. LTD., WORLDVENTURES MARKETING JAMAICA LIMITED, WORLDVENTURES SERVICES, LLC, WORLDVENTURES COOPERATIEF U.A., WORLDVENTURES MARKETING SP.ZO.O, WORLDVENTURES MARKETING SOUTH AFRICA (PTY.)LTD, WORLDVENTURES ENTERPRISES LLC, WV SERVICES MALAYSIA SDN BHD,  WORLDVENTURES MARKETING SRL, WORLDVENTURES | **JURY TRIAL DEMANDED**<br><br>CIVIL ACTION NO.<br><br>4:18-cv-00393<br><br>**JURY TRIAL DEMANDED**<br><br>**EMERGENCY APPLICATION FOR EX PARTE TEMPORARY RESTRAINING ORDER** |

MARKETING (CYPRUS) )
LIMITED, )
WORLDVENTURES )
MARKETING D.O.O. )
BEOGRAD, )
WORLDVENTURES )
MARKETING SL, D.O.O., )
AND WORLDVENTURES )
MARKETING LIMITED )
WORLDVENTURES )
MARKETPLACE, LLC )
WORLDVENTURES )
HOLDINGS (NETHERLANDS) )
B.V. )
WORLDVENTURES )
MARKETING LIMITED (NEW )
ZEALAND) )
WORLDVENTURES )
MARKETING COLOMBIA )
S.A.S )
WORLDVENTURES )
HOLDINGS ASIA PTE. LTD. )
)
Plaintiffs, )
)
v. )
)
MAVIE, ARIIX, LLC )
ARIIX HOLDINGS, LLC, )
ARIIX INTERNATIONAL, )
INC. )
ADVANCED WELLNESS )
SOLUTIONS PTE LTD. )
ABBOUD BARAKAT )
individually, )
JONATHAN MCKILLIP,
individually,
KYLE LOWE, individually,
ANTHONY FITZGERALD,

individually,
MICHELLE SIDDY,
individually, KEMBLE
MORGAN, individually,
and
DANIEL AUDET, individually,

Defendants.

---

## EMERGENCY EXPARTE MOTION FOR EXPEDITED DISCOVERY AND MOTION FOR LEAVE AND BRIEF IN SUPPORT

---

TO THE HONORABLE JUDGE:

WORLDVENTURES HOLDINGS, LLC, WORLDVENTURES MARKETING, LLC, WORLDVENTURES MARKETING LIMITED, WORLDVENTURES CANADA INC., WORLDVENTURES MARKETING B.V., WORLDVENTURES MARKETING (HONG KONG) LIMITED, WORLDVENTURES MARKETING PTE. LTD., WORLDVENTURES TAIWAN LTD., WORLDVENTURES MARKETING PTY LTD., WORLDVENTURES MARKETING JAMAICA LIMITED, WORLDVENTURES SERVICES, LLC, WORLDVENTURES COOPERATIEF U.A., WORLDVENTURES MARKETING SP.Z.O.O, WORLDVENTURES MARKETING SOUTH AFRICA, WORLDVENTURES ENTERPRISES LLC, WV SERVICES MALAYSIA SDN BHD,

WORLDVENTURES MARKETING SRL, WORLDVENTURES MARKETING (CYPRUS) LIMITED, WORLDVENTURES MARKETING D.O.O. BEOGRAD, WORLDVENTURES MARKETING SL, D.O.O., WORLDVENTURES MARKETING LIMITED, WORLDVENTURES MARKETPLACE, LLC, WORLDVENTURES HOLDINGS (NETHERLANDS) B.V., WORLDVENTURES MARKETING LIMITED (NEW ZEALAND), WORLDVENTURES MARKETING COLOMBIA S.A.S., and WORLDVENTURES HOLDINGS ASIA PTE. LTD (hereinafter collectively referred to as "Plaintiffs" or "WorldVentures"), moves the Court for entry of an Order granting expedited discovery and for leave to take limited discovery prior to the FRCP 26(f) conference narrowed to the scope of the evidentiary hearing on Plaintiffs' Application for Preliminary Injunction, and says:

1.     If Plaintiffs' application for a Temporary Restraining Order is granted, a hearing must be set on Plaintiffs' Application for Preliminary Injunction against Defendants within fourteen (14 days) in accordance with Rule 65(b)(2) the Federal Rules of Civil Procedure.

2.     In order to properly prepare for the Preliminary Injunction hearing, Plaintiffs must have expedited discovery, and be permitted to obtain discovery from the named Defendants and other witnesses working in conjunction with

Defendants before the Rule 26(f) conference.  Plaintiffs needs production of documents, tangible things, electronically stored information and electronic devices in the sole possession, custody or control of the Defendants and other third-party witnesses which are relevant to the issues asserted in this cause and to the Preliminary Injunction hearing.

4.      ***Preliminary injunction hearing***. The court should hold a hearing on a preliminary injunction application. *See,* 13 *Moore's Federal Practice* 3d §65 (b)(3); and, *Hudson v. Barr*, 3 F.3d 970, 974 (6th Cir. 1993). The issue presented at the preliminary injunction hearing is the need for immediate relief pending a trial on the merits. The factors necessary for injunctive relief include (1) irreparable injury, (2) no adequate remedy at law, (3) a likelihood of success on the merits, (4) the balance of hardships, and (5) the effect on the public interests. *See, Winter v. National Res. Def. Council, Inc.* 555 U.S. 7, 20 (2008) (preliminary injunction).

5.      ***Likelihood of irreparable injury***. Plaintiffs must show at the preliminary injunction hearing that Plaintiffs will likely suffer irreparable injury. FRCP 65(b)(1)(A); *Winter, supra,* 555 U.S. at 22; *DSC Comms. v. DGI Techs*., 81 F.3d 597, 600 (5th Cir. 1996) (preliminary injunction).

6.      ***Actual and imminent injury***. Plaintiffs must show an irreparable injury that is actual and imminent. FRCP 65(b)(1)(A); *Chacon v. Granata,* 515

F.2d 922, 925 (5th Cir. 1975) (harm was not imminent based on eventual passage

of zoning ordinance claimed to be unconstitutional). The irreparable injury must

be likely based on the evidence presented at the preliminary injunction hearing.

*Winter, supra,* 555 U.S. at 22; *Herb Reed Enters. v. Florida Entm't Mgmt.*, 736

F.3d 1239, 1249-50 (9th Cir. 2013); and, *Ross-Simons of Warwick, Inc. v.*

*Baccarat, Inc.,* 102 F.3d 12, 19 (1St Cir. 1996).

7.      ***Irreparable injury***. Plaintiffs must show that the injury is irreparable.

An irreparable injury is harm that cannot be undone by award of monetary

damages. *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th

Cir.1981). An injury is irreparable if it is not accurately measurable, if the

plaintiff cannot be adequately compensated in damages, or if the defendant would

be unable to pay. *See, Basicomputer Corp. v. Scott*, 973 F.2d 507, 512 (6th Cir.

1992) (loss of customer goodwill and fair competition); and, *Hughes Network*

*Sys. v. Interdigital Comms*., 17 F.3d 691, 694 (4th Cir. 1994) (even if loss is

economic, extraordinary circumstances may permit finding of irreparable injury).

8.      ***No adequate remedy at law***. Plaintiffs must show that there is no

adequate remedy at law. *Northern Cal. Power Agency v. Grace Geothermal*

*Corp*., 469 U.S. 1306, 1306 (1984). The Supreme Court has held that there is no

adequate remedy at law when multiple lawsuits would be necessary and

apportioning damages would be difficult. *Wilson v. Illinois S. Ry*., 263 U.S. 574,

576-77 (1924).

9.      ***Substantial likelihood of success***. Plaintiffs must show that there is a

substantial likelihood that Plaintiffs will succeed on the merits of the case. *Doran*

*v. Salem Inn, Inc.,* 422 U.S. 922, 931 (1975); and, *Barrett v. Claycomb*, 705 F.3d

315, 328 (8th Cir. 2013) (likelihood of success on the merits is most significant

factor for preliminary injunction).

10.      ***Balance of hardships***. Plaintiffs must show that the injury Plaintiffs

face outweighs the injury that would be sustained by the Defendants as a result

of the preliminary injunctive relief.  *Winter, supra,* 555 U.S. at 24.

11.      ***Public interest***.  Plaintiffs must show that the injunctive relief would

not adversely affect public interest or public policy.  *DSC Comms. v. DGI Techs*.,

81 F.3d 597, 600 (5th Cir. 1996).

12.      ***Burden of persuasion***.  At the preliminary injunction hearing,

Plaintiffs bears the burden of persuasion on each of the equitable factors, *Cox v.*

*City of Chi.*, 868 F.2d 217, 219 (7th Cir. 1989); although, Plaintiffs is not required

to prove its case in full. *University of Texas v. Camenisch*, 451 U.S. 390, 395

(1981).

13.      Accordingly, Plaintiffs proposes the attached Expedited Discovery

Order, which allows for expedited discovery through the date of the preliminary

injunction hearing.  The Expedited Discovery Order allows for oral depositions,

production of documents, electronically stored information, and electronic devices from parties and non-parties and provides for temporary confidentiality protection until such time as the Court may consider entry of a Protective Order.

For these reasons, Plaintiffs pray that the Court grant this Motion and enter an Order modifying the Federal Rules of Civil Procedure to permit expedited discovery as requested in the attached Order.

Dated:       June 4, 2018.

Respectfully submitted,

By: /s/ Charles Bundren

**WM. CHARLES BUNDREN & ASSOCIATES LAW GROUP, PLLC**
Wm. Charles Bundren, Esq.
Lead Attorney and Attorney-in Charge
State Bar No. 03343200
2591 Dallas Parkway, Suite 300
Frisco, Texas 75034
(214) 808-3555     Telephone
(972) 624-5340     Facsimile
e-mail:     charles@bundrenlaw.net
**ATTORNEY FOR PLAINTIFFS:**
**WORLDVENTURES HOLDINGS, LLC**
**WORLDVENTURES MARKETING, LLC,**
**WORLDVENTURES MARKETING LIMITED,**
**WORLDVENTURES CANADA INC.,**
**WORLDVENTURES MARKETING B.V.,**
**WORLDVENTURES MARKETING (HONG KONG) LIMITED,**
**WORLDVENTURES MARKETING PTE. LTD.,**

**WORLDVENTURES TAIWAN LTD.,**
**WORLDVENTURES MARKETING PTY LTD.,**
**WORLDVENTURES MARKETING JAMAICA LIMITED**
**WORLDVENTURES SERVICES, LLC,**
**WORLDVENTURES COOPERATIEF U.A.,**
**WORLDVENTURES MARKETING SP.ZO. O,**
**WORLDVENTURES MARKETING SOUTH AFRICA,**
**WORLDVENTURES ENTERPRISES LLC,**
**WV SERVICES MALAYSIA SDN BHD,**
**WORLDVENTURES MARKETING SRL,**
**WORLDVENTURES MARKETING (CYPRUS) LIMITED,**
**WORLDVENTURES MARKETING D.O.O. BEOGRAD,**
**WORLDVENTURES MARKETING SL, D.O.O., AND**
**WORLDVENTURES MARKETING LIMITED**
**WORLDVENTURES MARKETPLACE, LLC,**
**WORLDVENTURES HOLDINGS (NETHERLANDS) B.V.**
**WORLDVENTURES MARKETING LIMITED (NEW ZEALAND)**
**WORLDVENTURES MARKETING COLOMBIA S.A.S.**
**WORLDVENTURES HOLDINGS ASIA PTE. LTD**