# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| WorldVentures Holdings LLC,<br>WorldVentures Marketing LLC,<br>WorldVentures Marketing Limited,<br>WorldVentures Canada Inc.,<br>WorldVentures Marketing B.V.,<br>WorldVentures Marketing (Hong Kong) Limited,<br>WorldVentures Marketing Pte. Ltd.,<br>WorldVentures Taiwan Ltd.,<br>WorldVentures Marketing Pty. Ltd.,<br>WorldVentures Marketing Jamaica Limited,<br>WorldVentures Services LLC,<br>WorldVentures Cooperatief U.A.,<br>WorldVentures Marketing SP ZO.O,<br>WorldVentures Marketing South Africa (Pty) Ltd.,<br>WorldVentures Enterprises LLC,<br>WV Services Malaysia SDN BHD<br>WorldVentures Marketing SRL,<br>WorldVentures Marketing (Cyprus) Limited,<br>WorldVentures Marketing D.O.O. Berograd,<br>WorldVentures Marketing SL D.O.O.,<br>WorldVentures Marketing Limited,[1]<br>WorldVentures Marketplace LLC,<br>WorldVentures Holdings (Netherlands) B.V.,<br>WorldVentures Marketing Limited (New Zealand),<br>WorldVentures Marketing Colombia S.A.S., and<br>WorldVentures Holdings Asia Pte. Ltd.,<br>                             *Plaintiffs*,<br>v.<br>MaVie,<br>ARIIX Holdings, LLC, ARIIX International, Inc.,<br>Advanced Wellness Solutions Pte. Ltd.,<br>Abboud Barakat, individually,<br>Jonathan McKillip, individually,<br>Kyle Lowe, individually,<br>Anthony Fitzgerald, individually,<br>Michelle Siddy, individually,<br>Kemble Morgan, individually, and<br>Daniel Audet, individually,<br>                             *Defendants*, | Civil Action No.<br>4:18-cv-393-ALM<br><br>Jury Trial Demanded |

---

[1] WorldVentures Marketing Limited is listed twice in the Complaint (Dkt. #1). Movants are without sufficient information to determine whether the duplication was in error.

1

## MOVING DEFENDANTS' EMERGENCY MOTION TO CONTINUE THE PRELIMINARY INJUNCTION HEARING

Defendants Advanced Wellness Solutions Pte. Ltd. ("Advanced Wellness"), Abdelwadoud Barakat ("Barakat"),[2] "Mavie"[3], ARIIX, LLC, ARIIX Holdings, LLC, ARIIX International Inc., Jonathan McKillip and Kyle Lowe (collectively, the "Moving Defendants") respectfully file their Motion to Continue the Preliminary Injunction Hearing currently set for June 19, 2018, at 9:00 a.m. before the Court. In support of their motion, the Moving Defendants respectfully show the Court as follows:

On June 4, 2018, Plaintiffs filed their 73-page Original Complaint (Dkt. #1), in which they asserted the following claims against the Moving Defendants: violation of the Lanham Act (Count 1); misappropriation of trade secrets and confidential and proprietary information under Texas law and under federal Defend Trade Secrets Act of 2016 (Counts 2 and 3); conversion (Count 4), violation of Texas Theft Liability Act (Count 5); breach of contract (Count 6); breach of fiduciary duty (Count 7); tortious interference with existing business relationships (Count 8); and unfair competition (Count 9). Plaintiffs also filed an *Ex Parte* Application for a Temporary Restraining Order (Dkt. #2), seeking to prohibit Defendants from conducting business in multilevel marketing direct sales of different products and prohibiting Defendants from using any person in its business worldwide who works for Plaintiffs or who had worked with or for Plaintiffs in the last twelve (12) months. Plaintiffs also included a 33-page conclusory Affidavit by Mr. Kenneth Edward Head (Dkt. #2-1) (the "Head Affidavit") with their *Ex Parte* Application for a Temporary Restraining

---

[2] Abdelwadoud Barakat is incorrectly named Abboud Barakat in the Plaintiff's Complaint.
[3] MaVie is a brand; it is not an entity. However, to the extent it is required to participate in this litigation as a party, it joins this Motion.

2

Order. On June 5, 2018, the Court granted Plaintiffs' TRO and set a hearing for Preliminary Injunction for June 19, 2018 (Dkt. #5).

Advanced Wellness, Barakat and Mavie have filed their Motions to Dismiss (Dkt. # 21) the Moving Defendants have collectively filed their Emergency Motion to Dissolve Plaintiffs' *Ex Parte* Temporary Restraining Order (Dkt. # 24), the corresponding Motion to Seal and Motion to Exceed the Page Limit and their Partial Motion to Dismiss Pursuant to the Texas Citizens Participation Act. The persons with knowledge of the relevant facts of this case are from all over the world.[4] For instance, Defendant Barakat is a resident of the United Arab Emirates, but works throughout Asia. *See* Decl. of Michelle Pector ("Pector Decl.") at ¶ 2. He is currently in Singapore. *See id.* Furthermore, there are more than 20 foreign Plaintiffs in this matter, which are bound to the laws of various jurisdictions around the world and other foreign defendants. In order to appear at the Preliminary Injunction hearing, Defendant Barakat would have to travel over 9,000 miles to attend the hearing. *See* Pector Decl. at ¶ 3.  International travel would be extremely difficult to facilitate in the short timeframe, and would actually require foreign parties to start traveling to Texas tomorrow due to the international dateline. Similar travel requirements face many individuals with knowledge of facts relevant to this case. Travel would require flights of over fifteen hours in some instances to attend the hearing. *See* Pector Decl. at ¶ 4. Therefore, despite counsels' best efforts, the worldwide scope of this lawsuit as pled makes it impractical for the Moving Defendants to be prepared for a Preliminary Injunction hearing by June 19, 2018.

---

[4] The Moving Defendants contend that there is not a jurisdictional basis for the case, as well as the Temporary Restraining Order, being entered within this District. Several of the Defendants are foreign entities and/or individuals and contend that they are not subject to this Court's jurisdiction and venue. As such, the Moving Defendants' file this motion subject to their Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, Insufficient Process, Insufficient Service of Process and Lack of Capacity to Be Sued.

The Moving Defendants understand that the current Temporary Restraining Order expires on its terms on June 19, 2018. As such, the Moving Defendants respectfully request that the Court hear their Emergency Motion to Dissolve Plaintiffs' *Ex Parte* Application for Temporary Restraining Order on or before that date. This will allow the Court to make its determination regarding the Temporary Restraining Order, the Moving Defendants' Emergency Motion, and any other issues the Court is inclined to take up on or before June 19, 2018.

WHEREFORE, PREMISES CONSIDERED, the Moving Defendant requests that the Court continue or vacate the Preliminary Injunction Hearing, and grant or set Defendants' Motion to Dissolve Plaintiffs' *Ex Parte* Application for Temporary Restraining Order on or before June 19, 2018.

Dated: June 15, 2018

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

/s/ Michelle Pector

Michelle Pector, Lead Attorney
State Bar No. 24027726
michelle.pector@morganlewis.com

Veronica J. Lew
State Bar No. 24082110
veronica.lew@morganlewis.com

Yon-Sun W. Sohn
State Bar No. 24083888
yon.sohn@morganlewis.com

Maryann Zaki
State Bar No. 24088707
maryann.zaki@morganlewis.com

1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile

**SIEBMAN, FORREST, BURG & SMITH, LLP**

/s/ Clyde M. Siebman

Clyde M. Siebman

State Bar No. 18341600
clydesiebman@siebman.com

Elizabeth S. Forrest
State Bar No. 24086207
elizabethforrest@siebman.com

Federal Courthouse Square
300 North Travis Street
Sherman, TX 75090

*Attorneys for Defendants MaVie, Advanced Wellness Solutions Pte. Ltd., and Abdelwadoud Barakat*

**THE LAW OFFICES OF DAN E. MARTENS**

/s/ Dan E. Martens
Dan E. Martens
State Bar No. 13050500
dmartens@danielmartens.com

5600 Tennyson Parkway, Ste. 382
Dallas, TX 75024
(972) 335-3888 Telephone
(972) 335-5805 Facsimile

**ALLISON | ASSOCIATES**

/s/ Kip H. Allison
Kip H. Allison
State Bar No. 00789117
kip@allison-law.com

5600 Tennyson Parkway, Ste. 330
Dallas, TX 75024
(972) 608-4300 Telephone
(972) 608-4301 Facsimile

*Attorneys for Defendants Jonathan McKillip, and Kyle Lowe*

**HALLETT & PERRIN**

/s/ Bryan Stevens
Bryan Stevens
State Bar No. 24051387
1445 Ross Ave., Suite 2400

5

>Dallas, Texas 75202
>214.922.4160
>bstevens@hallettperrin.com
>
>*Attorneys for ARIIX, LLC, ARIIX Holdings, LLC, ARIIX International, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 16th day of June, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

>/s/ *Michelle Pector*
>Michelle Pector

## CERTIFICATE OF CONFERENCE

Counsel has complied with the meet and confer requirement in Local Rule CV-7(h). I certify that on June 15, 2018, I had telephonic discussions with Counsel for Plaintiffs regarding the relief requested in the Motion. Counsel for Plaintiffs indicated that the relief requested herein is conditionally oppose the Motion, but note that they would not oppose the motion if the TRO were extended. Thus, discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

>/s/ *Clyde Siebman*
>Clyde Siebman