# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| WorldVentures Holdings LLC,<br>WorldVentures Marketing LLC,<br>WorldVentures Marketing Limited,<br>WorldVentures Canada Inc.,<br>WorldVentures Marketing B.V.,<br>WorldVentures Marketing (Hong Kong) Limited,<br>WorldVentures Marketing Pte. Ltd.,<br>WorldVentures Taiwan Ltd.,<br>WorldVentures Marketing Pty. Ltd.,<br>WorldVentures Marketing Jamaica Limited,<br>WorldVentures Services LLC,<br>WorldVentures Cooperatief U.A.,<br>WorldVentures Marketing SP ZO.O,<br>WorldVentures Marketing South Africa (Pty) Ltd.,<br>WorldVentures Enterprises LLC,<br>WV Services Malaysia SDN BHD<br>WorldVentures Marketing SRL,<br>WorldVentures Marketing (Cyprus) Limited,<br>WorldVentures Marketing D.O.O. Berograd,<br>WorldVentures Marketing SL D.O.O.,<br>WorldVentures Marketing Limited,[1]<br>WorldVentures Marketplace LLC,<br>WorldVentures Holdings (Netherlands) B.V.,<br>WorldVentures Marketing Limited (New Zealand),<br>WorldVentures Marketing Colombia S.A.S., and<br>WorldVentures Holdings Asia Pte. Ltd.,<br>         *Plaintiffs*,<br>v.<br>MaVie,<br>ARIIX Holdings, LLC, ARIIX International, Inc.,<br>Advanced Wellness Solutions Pte. Ltd.,<br>Abboud Barakat, individually,<br>Jonathan McKillip, individually,<br>Kyle Lowe, individually,<br>Anthony Fitzgerald, individually,<br>Michelle Siddy, individually,<br>Kemble Morgan, individually, and<br>Daniel Audet, individually,<br>         *Defendants*, | Case No. 4:18-cv-393-ALM<br><br>Jury Trial Demanded |

---

[1] WorldVentures Marketing Limited is listed twice. Movants do not know whether the duplication was in error.

### DEFENDANTS' EMERGENCY MOTION TO VACATE ORDER GRANTING PLAINTIFFS' EMERGENCY MOTION FOR EXPEDITED DISCOVERY AND FOR PROTECTION[2]

Defendants Advanced Wellness Solutions Pte. Ltd. ("Advanced Wellness"), Abdelwadoud Barakat ("Barakat"),[3] MaVie,[4] Kyle Lowe, Jonathan McKillip, ARIIX Holdings, LLC, ARIIX International, Inc. and ARRIX LLC (collectively, "Moving Defendants")[5] respectfully submit this Emergency Motion to Vacate Order Granting Plaintiffs' Emergency Motion for Expedited Discovery and Leave of Court ("Order") because portions of the Order as drafted are overly broad, unduly burdensome, disproportionate and will necessarily invade the privacy rights of Defendants and third parties.

Not only does the Order require Defendants, including all the corporate Defendants, to provide unfettered access to all of their electronic devices, phones, computers, drives, servers and corresponding passwords without any regard to whether a showing has been made that such devices contain any data purportedly belonging to Plaintiffs, but the Order lacks reasonable restrictions or privacy protections as required by law. Many of the Defendants in this matter are citizens of foreign countries who have very specific data privacy laws that govern access to and reproduction of their dat. *See* Data Protection Act of 1998 (United Kingdom); Privacy and Electronic Communications Regulations (EC Directive); General Data Protection Regulation (GDPR) (EU) 2016/679; South African Protection of Personal Information Act, No 4 of 2013; Singapore Personal Data Protection Act 2012 (PDPA); Australian Privacy Act 1988 (Australia).

---

[2] This motion is made subject to Defendants Advanced Wellness, Barakat, and MaVie's Motions to Dismiss (Dkt. #21).
[3] Abdelwadoud Barakat is incorrectly named Abboud Barakat in the Plaintiff's Complaint.
[4] MaVie is a brand; it is not an entity. However, to the extent it is required to participate in this litigation as a party, it joins this Motion.
[5] Hereinafter references "Defendants" will refer to all named defendants.

Further, the Order does not set forth to what extent Plaintiffs can access or review the data on Defendants' devices. This is by definition an unwarranted fishing expedition that dramatically exceeds the scope of the Federal Rules of Civil Procedure. The unilateral nature of the Order violates the idea that discovery must be mutual. *Hickman v. Taylor*, 329 U.S. 495, 508 (1947). Requests for broad assertions are nothing more than a fishing expeditions that does not justify the wholesale production of confidential information. *See E.E.O.C. v. Renaissance III Org.*, No. 3-05-CV-1063-B, 2006 WL 832504, at *1 (N.D. Tex. Mar. 30, 2006). Privacy interests "far outweigh any likely benefit." *Id*. The unilateral nature of the Order, particularly with respect to paragraph 2(c) on page 10 of the Order, violates the notion that discovery must be mutual. *Hickman v. Taylor*, 329 U.S. 495, 508 (1947).

Defendants' file this Motion to remedy the over breadth and undue burden of the sweeping Order, which does not confine expedited discovery of electronic devices to relevant discovery. Moreover, Plaintiffs have not sufficiently established that they are entitled to expedited discovery because they did not establish the existence of imminent or irreparable harm as brief in Defendants Emergency Motion to Dissolve Plaintiffs' Ex Parte Temporary Restraining Order. (Dkt. #24.) To order the forensic examination of a computer and require all necessary credentials including usernames and passwords, access to social media, email, and forensic images to be disclosed is overbroad and "far exceeds the proportionality limits of the Fed. R. Civ. P. 26(b)(2)(c). *NOLA Spice Designs, LLC v. Haydel Enters., Inc.*, Civ. A. No. 12–2512, 2013 WL 3974535, at *1 (E.D. La. Aug. 2, 2013). "[O]rdering forensic imaging or examination of a computer system or server or other electronic storage device generally requires a very particular showing." *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 322 F.R.D. 235, 249 (N.D. Tex. 2016). Plaintiffs' requests for access to all social media accounts and access to "**all electronic devices**" including

cell phones, external hard drives, computers and "any other devices that electronically stores any electronically stored information" far exceeds the proportionality limits of Rule 26(b)(2)(c). Order, Dkt. #6 at ¶ 2(c), emphasis added. Plaintiffs have not made the requisite showing to warrant such abusive discovery. Accordingly, Defendants move for protection pursuant to Rule 26(b)(2)(B).

A. *The standard for compelling direct examination of electronic devices is exacting.*

Under both Texas and federal case law, to qualify for direct examination of electronic storage devices, the requesting party must introduce admissible evidence showing that "the responding party has somehow defaulted in its obligation to search its records and produce the requested data," and that the "responding party's production has been inadequate and that a search of the opponent's electronic storage device could recover deleted relevant materials." *In re Weekly Homes*, *L.P.*, 295 S.W.3d 309, 317 (Tex. 2009) (discussing federal authorities) (internal quotation marks and parentheses omitted).

As this Court has previously recognized, discovery abuse justifying direct access to electronic devices generally involves "a history of incomplete and inconsistent responses" to a parties' discovery requests, "troubling discrepancies with respect to [a party's] production," or improper deletion of files. *See A.M. Castle & Co. v. Byrne*, 123 F. Supp. 3d 895, 900-901, 908 (S.D. Tex. 2015) (holding that a party was not in default of discovery obligations because the requesting party failed to show that the responding party in wrongful possession of any of its documents, or was or had been deleting files). Mere skepticism or bare allegations that the responding party has failed to comply with its discovery duties are not sufficient to warrant an order requiring direct access to an opposing party's electronic device." *In re VERP Inv.*, *LLC*,

457 S.W.3d 255, 262 (Tex. App.—Dallas 2015, orig. proceeding). Here, Plaintiff's Motion fails to satisfy the *In re Weekly Homes* standards, and the Motion should be denied.

Importantly, Rule 26 allows a court to limit discovery if it is unreasonably cumulative or duplicative or more reasonably obtainable from another source. The Court may also consider whether the burden of the proposed discovery outweighs the likely benefits, "considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *See* Fed. R. Civ. P. 26(b)(2)(C); *see also In re Weekley Homes, L.P.*, 295 S.W.3d 309, 317 (Tex. 2009) (analyzing Federal Rule 26(b)(2)(B) and pointing out that a trial court may order production of information that is not reasonably available only "if the requesting party shows good cause"). This accords with Texas law on the issue. *See* Tex. R. Civ. P. 192.4 (tracking the language of Rule 26); *see also In re Harris*, 315 S.W.3d 685, 702 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (holding that the trial court abused its discretion in ordering the production of hard drives considering the elements of Rule 192.4).

**B.** *The Order Obtained by Plaintiffs Ex Parte Will Lead to a Drastic Invasion of Privacy and Extraordinary Forensic Costs*

The Ex Parte Order obtained by Plaintiffs allow them to invade the personal lives and privacy of all of the defendants, their employees, and third parties.

Courts must "guard against undue intrusiveness" that would constitute an "unreasonable invasion of personal, constitutional, or property rights" from which a party "is entitled to protection . . . ." *See In re VERP*, 457 S.W.3d at 261. The Order, as it is currently written, requires access to **all** electronic devices and **all** email, Twitter, and other social media accounts. This is an unreasonable invasion of the Defendants' constitutional rights. Expedited Discovery Order,

Dkt. #6 at ¶ 2(c). Moreover, the Order does not include a proper forensic protocol nor does it provide for the protection of privileged information. Typically, the parties each side select their own forensics expert, agree to relevant search terms, and enter into forensics protocol that all parties agree to be bound by. *See RYH Properties, LLC v. West*, No. 5:08CV172-CMC, 2011 WL 13196437, at *5 (E.D. Tex. Feb. 11, 2011). This will protect "relevancy and confidentiality concerns" and "confirm that no irrelevant, personal, confidential, attorney-client privileged information has been retrieved[.]" *Id*. Here, no such agreements or protocol have been made. The Order should be vacated for its over breadth and lack of specificity.

Likewise, the Order lacks a mechanism to deal with forensic costs, which can quickly total hundreds of thousands of dollars due to the vast amount of data and devices sought. As the Court is aware, many of the Defendants live abroad. The costs to ensure the devices safe arrival can be exceedingly expensive, and the worldwide scope of Plaintiffs' Order is unreasonable.

Based on the foregoing, Defendants respectfully, request that the Order be vacated, that Defendants be protected from having to disclose their personal and business data having nothing to do with the facts giving rise to this lawsuit, and that Plaintiffs we precluded from conducting an unwarranted and harassing fishing expedition.

Dated: June 15, 2018

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ Michelle Pector*

Michelle Pector, Lead Attorney
State Bar No. 24027726
michelle.pector@morganlewis.com

Veronica J. Lew
State Bar No. 24082110
veronica.lew@morganlewis.com

Yon-Sun W. Sohn
State Bar No. 24083888
yon.sohn@morganlewis.com

Maryann Zaki
State Bar No. 24088707
maryann.zaki@morganlewis.com

1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile

**SIEBMAN, FORREST, BURG & SMITH, LLP**

Clyde M. Siebman
State Bar No. 18341600
clydesiebman@siebman.com

Elizabeth S. Forrest
State Bar No. 24086207
elizabethforrest@siebman.com

Federal Courthouse Square
300 North Travis Street
Sherman, TX 75090

*Attorneys for Defendants MaVie, Advanced Wellness Solutions Pte. Ltd., and Abdelwadoud Barakat*

**THE LAW OFFICES OF DAN E. MARTENS**
Dan E. Martens
State Bar No. 13050500
dmartens@danielmartens.com

5600 Tennyson Parkway, Ste. 382
Dallas, TX 75024
(972) 335-3888 Telephone
(972) 335-5805 Facsimile


*/s/ Kip Allison*

**ALLISON | ASSOCIATES**
Kip H. Allison
State Bar No. 00789117
kip@allison-law.com

5600 Tennyson Parkway, Ste. 330
Dallas, TX 75024
(972) 608-4300 Telephone
(972) 608-4301 Facsimile


*Attorneys for Defendants Jonathan McKillip and Kyle Lowe*


*/s/ Bryan Stevens*

**HALLETT & PERRIN**
Bryan Stevens
State Bar No. 24051387
1445 Ross Ave., Suite 2400
Dallas, Texas 75202
214.922.4160
bstevens@hallettperrin.com

*Attorneys for ARIIX, LLC, ARIIX Holdings, LLC, ARIIX International, Inc.*

## CERTIFICATE OF CONFERENCE

The lead and local counsel for Moving Defendants participated in a telephonic conference with Plaintiff's counsel regarding Court's request for the parties to confer regarding potential modifications of the Temporary Restraining Order. During that discussion, the Moving Defendants conferred with Plaintiff's counsel regarding the contents of this Motion. Counsel for Plaintiffs conditioned discussion of modification of the Temporary Restraining Order on their opposition to this Motion. The Parties reached an impasse and now require court intervention. I certify that counsel has complied with the meet and confer requirements under the Local Rules. Counsel for Plaintiffs oppose this motion.

                                            */s/ Michelle D. Pector*
                                            Michelle D. Pector

                                            */s/ Clyde M. Siebman*
                                            Clyde M. Siebman

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has this day been served electronically by transmission to an electronic filing service provider for service through the Court's Case Management/Electronic Case Files (CM/ECF) system to the attorneys of record for Plaintiffs.

                                            */s/ Michelle Pector*
                                            Michelle Pector