**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| WorldVentures Holdings LLC, et al.,<br><div align="right">*Plaintiffs*,</div><br>v.<br><br>MaVie,<br>ARIIX Holdings, LLC, ARIIX International, Inc.,<br>Advanced Wellness Solutions Pte. Ltd.,<br>Abboud Barakat, individually,<br>Jonathan McKillip, individually,<br>Kyle Lowe, individually,<br>Anthony Fitzgerald, individually,<br>Michelle Siddy, individually,<br>Kemble Morgan, individually, and<br>Daniel Audet, individually,<br><div align="right">*Defendants*,</div> | Civil Action No.<br>4:18-cv-393-ALM<br><br>Jury Trial Demanded |

**Defendants' Response in Opposition to
Plaintiffs' Motion to Seal Transcript of June 19, 2018 Hearing**

The Court should deny Plaintiffs' belated motion (Dkt. #59, "Motion") to seal the transcript

of the preliminary injunction hearing that occurred in open court on June 19, 2018. Defendants

Advanced Wellness Solutions Pte. Ltd. ("Advanced Wellness"), Abdelwadoud Barakat, MaVie,

Jonathon McKillip, and Kyle Lowe ("Moving Defendants") object to Plaintiffs' unavailing

attempts to un-ring the bell. Not only did Plaintiffs take no measures to seal the record before the

testimony or disclosure of evidence at the hearing, but Plaintiffs have also failed to demonstrate

that any confidential information or trade secrets are purportedly contained in the record. Further,

there is no emergency. If there were, Plaintiffs would have requested that the courtroom be closed

or filed this Motion immediately after the preliminary injunction hearing, rather than waiting four

days to raise this issue with the Court. Moreover, Plaintiffs' belated Motion is conclusory and

devoid of any supporting declaration or specificity to overcome the public's right to review judicial

proceedings. The public—including hundreds of thousands of current and former representatives

of Plaintiffs—holds a strong interest in having access to the details of this proceeding and the representations made by Plaintiffs. The strong public interest is evidenced by (1) the significant number of publicly accessible complaints about Plaintiffs, (2) Plaintiffs' efforts to restrain fair competition while at the same time attempting to recruit unsuspecting members of the public to join their pyramid scheme, and (3) Plaintiffs' business model being declared unlawful in other countries, including most recently Norway. Accordingly, the Moving Defendants respectfully request that Plaintiffs' Motion be denied.

## I.      Factual Background

On Tuesday, June 19, 2018, the Court held an all-day evidentiary hearing in open court on Plaintiffs' Application for Preliminary Injunction (Dkt. #36). Plaintiffs never moved to seal the courtroom, and the courtroom was left open to the public during the entire hearing. Plaintiffs have not filed any of their pleadings, motions, or exhibits under seal.

Furthermore, during the hearing when Mr. Charles Bundren (Plaintiffs' counsel) began discussing Plaintiffs' Exhibits 13 and 14, all that Mr. Bundren said was that he "wanted to call to the Court's attention" that Defendants filed those exhibits under seal. Mr. Bundren neither moved to seal those exhibits or the courtroom nor requested at the hearing for the transcript be redacted or sealed. Instead, Ms. Michelle Pector (counsel for Advanced Wellness, Barakat, and MaVie) stated that the Moving Defendants do not perceive those documents to be confidential in any way, and that the only reason they were filed under seal is because Mr. Bundren asked those to be sealed until he had a chance to confer with his clients. Plaintiffs did not assert that those documents were confidential after Ms. Pector clarified they were not. The Court then stated that there was not an issue with those documents and that Plaintiffs' counsel could proceed. Plaintiffs' counsel then proceeded to discuss Exhibits 13 and 14 with the witness, Dan Stammen, in open court—without

sealing the exhibits and without sealing the courtroom. In short, Plaintiffs took no measures at the hearing to prevent the public disclosure of any information discussed or presented at the hearing.

Plaintiffs now move to seal the entire transcript of the June 19, 2018 hearing without directing this Court to even one excerpt of purportedly confidential information or trade secrets in the transcript. (*See* Dkt. #59.) Indeed, even though Plaintiffs failed to see the need to seal the courtroom during the hearing, Plaintiffs now file an "emergency" motion without pointing out which portion of the transcript allegedly contains Plaintiffs' confidential information. Instead, Plaintiffs merely offer the conclusory allegation that "witnesses *may have* testified regarding information proprietary and confidential to WorldVentures" and the transcript "discusses *potentially* very confidential and proprietary business and trade secrets." (Dkt. #59 at 2, 4, emphasis added.) Rather than reviewing the transcript and offering specific record cites or factual findings to support the Motion, Plaintiffs now seek to shift their burden to the Moving Defendants to respond to this unsubstantiated Motion. Plaintiffs treated the alleged confidential information and trade secrets in a similar, generalized manner in their request for injunctive relief. Plaintiffs have failed to make a specific showing anywhere that identifies and establishes that any of Plaintiffs' information is confidential or constitutes a trade secret. Because Plaintiffs have not satisfied their weighty burden to seal the record, Plaintiffs' Motion should be denied.

## II.    Applicable Law

### A.    This Court's policy is to require a request to seal *before* public disclosure is made.

This Court has repeatedly warned practitioners that it is the parties' responsibility to inform the Court *before* confidential information is disclosed in open court and request a sealed courtroom rather than engage in a *post hoc* attempt to seal the written record. *See United States ex rel. Harman v. Trinity Indus.*, Case No. 2:12-cv-89-JRG, 2015 WL 10733402, *1 (E.D. Tex. Mar. 4, 2015) (unsealing the entire trial record because "[a]t no point during the trial did Trinity or Texas A&M

move to seal the courtroom or otherwise preclude the public's access to such evidence," and "the written transcripts of the testimony presented at trial, and all exhibits admitted into evidence, became at that time part of the public record"); *Parallel Networks LLC v. AEO, Inc.*, Case No. 6:10-cv-747-LED, 2011 U.S. Dist. LEXIS 159304, *126 (E.D. Tex. 2011) ("the Court reminds the parties that it is each party's responsibility to inform the Court, if at all possible, *before* confidential information is disclosed in open court and request a sealed courtroom and record") (emphasis orig.); *Data Engine Techs. LLC v. IBM Corp.*, No. 6:13-cv-858 RWS-JDL, 2016 WL 9281313, at *1 (E.D. Tex. Apr. 27, 2016) ("As a preliminary matter, the Court notes that neither Plaintiff nor Defendant requested the courtroom be sealed during the actual hearing. The failure to request sealing of the courtroom is significant where the Court conducted a public proceeding and now Plaintiff requests the partial sealing of a transcript of a public hearing."). Indeed, some judges of this Court have entered a standing order requiring the parties to make their requests to seal confidential or proprietary information from public disclosure during a hearing or trial *before* the public disclosure of the information occurs.[1] Plaintiffs did not follow this procedure. Further, a standing order is not required in order for this outcome to follow. Public disclosure is fatal to trade secrets and immediately transforms confidential information into public information. Little could be said to be more public than disclosure in open court.

**B.    A strong presumption favors public access to court records.**

Motions to seal the record are not taken lightly by courts. Even a timely request to seal is not determinative of whether the Court should grant a motion to seal the transcript. *See Blue Spike, LLC v. Audible Magic Corp.*, No. 6:15-CV-584-RWS-CMC, 2016 WL 9275966, at *3 (E.D. Tex.

---

[1] Chief U.S. District Judge Rodney Gilstrap and U.S. District Judge Robert W. Schroeder III, Standing Order Regarding Protection of Proprietary and/or Confidential Information to be Presented to the Court During Motion and Trial Practice, http://www.txed.uscourts.gov/sites/default/files/judgeFiles/2016-06-02_Standing_Order_Regarding_Protection_of_Proprietary_Information.pdf (last visited June 23, 2018).

May 17, 2016) ("it is an abuse of discretion for a district court to seal documents without first determining whether the rationale for sealing justifies depriving the public access") (citing *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849–50 (5th Cir. 1993)). The Court's decision to seal its records "must be made in light of the '*strong presumption* that all trial proceedings should be subject to scrutiny by the public.'" *United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (emphasis added). Indeed, "sealing judicial records, including the transcript of a trial or portions of the trial transcript, is contrary to the principle that judicial proceedings in this country are to be conducted in public." *Bianco v. Globus Med., Inc.*, No. 2:12-CV-00147-WCB, 2014 WL 3422000, at *1 (E.D. Tex. July 14, 2014). The Supreme Court recognized the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also Van Waeyenberghe*, 990 F.2d at 848 (reversing district court for abusing its discretion in sealing the final order and transcript).

The principle of public access to judicial records furthers not only the interests of the outside public, but also the integrity of the judicial system itself. *Holy Land Found.*, 624 F.3d at 690 (citing *Van Waeyenberghe*, 990 F.2d at 849–50). The right to public access "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *Id.* (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1988)). "Public confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008) (quoting *United States v. Cianfrani*, 573 F.2d 835, 851 (3d Cir. 1978)) (alteration orig.). "The real focus of our inquiry is on the rights of the public in maintaining

5

open records and the 'check[] on the integrity of the system.'" *Van Waeyenberghe*, 990 F.2d at

850 (quoting *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985)). Accordingly,

Plaintiffs' conclusory Motion should not be permitted to overcome these important rights.

**C.      The party seeking to seal the records bears a heavy burden.**

In light of the strong presumption in favor of open court records, the party seeking to seal

the transcript "*bears a heavy burden* of showing that a sealing order is necessary to protect

important countervailing values, and '[o]nly the most compelling reasons can justify non-

disclosure of judicial records.'" *Bianco*, 2014 WL 3422000, at *1 (quoting *In re Knoxville News–

Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). While the decision to allow public access to court

records is left to the "sound discretion of the trial court," *Nixon*, 435 U.S. at 599, such "discretion

to seal the record of judicial proceedings is to be exercised charily," *Van Waeyenberghe*, 990 F.2d

at 848.

The party seeking to seal court documents, including transcripts, bears the burden of

overcoming the presumption of public access to court records. *Bianco*, 2014 WL 3422000, at *2

(citing *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221–22 (3d Cir. 2011); *Kamakana v.

City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Va. Dep't of State Police v. Wash.

Post*, 386 F.3d 567, 575 (4th Cir. 2004); *Bankhead v. Gregg Cnty.*, 2:11-CV-279-JRG, 2013 WL

124114, at *2 (E.D. Tex. Jan. 9, 2013) (citing *Torres–Montalvo v. Keith*, No. C-11-161, 2011 WL

5023271, at *1 (S.D. Tex. Oct. 17, 2011)). "The presumption must not be dismissed lightly given

the dangers that come from restrictions on public access." *Blue Spike*, 2016 WL 9275966, at *2

(citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 595 (1980) ("Open trials assure the

public that procedural rights are respected, and that justice is afforded equally. Closed trials breed

suspicion of prejudice and arbitrariness, which in turn spawns disrespect for law.").

The moving party "can overcome the *strong presumption* of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure." *Bianco*, 2014 WL 3422000, at *2 (citing *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013)). That is, the moving party "*must articulate compelling reasons supported by specific factual findings* that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* (emphasis added); *see also In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (district court's entry of a protective order was "unsupported by a 'particular and specific demonstration of fact'" where movant made only conclusory allegations of harm). Further, a court must determine what portions of the transcript, if any, should be sealed before granting Plaintiffs' motion. *See Parallel Networks*, 2011 U.S. Dist. LEXIS 159304, at *127 ("The Court spent significant time and resources parsing through the transcript to determine what portions need to be sealed or redacted. This is the parties' responsibility."). Because Plaintiffs have not made such a showing nor provided the Court with any page and line references to undertake this analysis, Plaintiffs' Motion should be denied.

**D.    The party requesting to seal the records must narrowly tailor its request and specify which portions of the court record contain confidential information.**

"Even if a party may legitimately claim confidentiality in some information contained in a court filing,"—which the Moving Defendants deny is the case here—"that does not justify completely sealing that entry from public scrutiny." *See Blue Spike*, 2016 WL 9275966, at *3. Even with documents implicating the most sensitive national security concerns, "[i]t is difficult to conceive any circumstance under which permanent sealing of the entire file, including the order itself, could ever be justified.... Legitimate confidentiality interests will almost always be fully accommodated by redacting the troublesome words or passages." *Id.* (quoting *In re Sealing & Non-Disclosure of Pen/Trap/2703(d) Orders*, 562 F. Supp. 2d 876, 894–95 (S.D. Tex. 2008)).

Thus, the party requesting to seal the transcript must (1) identify by specific page and line the portions that allegedly contain confidential information and (2) "*must articulate compelling reasons supported by specific factual findings* that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *See Bianco*, 2014 WL 3422000, at *2 (emphasis added); *see also Parallel Networks*, 2011 U.S. Dist. LEXIS 159304, at *127 ("The Court spent significant time and resources parsing through the transcript to determine what portions need to be sealed or redacted. This is the parties' responsibility."). Indeed, "the proponent of sealing must show that sealing serves 'an overriding interest' that is 'essential to preserve higher values [than the presumption of public access] and is narrowly tailored to serve that interest.'" *Blue Spike*, 2016 WL 9275966, at *3 (quoting *United States v. Edwards*, 823 F.2d 111, 115 (5th Cir. 1987), alterations orig.). Plaintiffs have not made such a showing.

Even when the requesting party designates specific pages and lines to be sealed, the Court must scrutinize each portion to be sealed. For example, in *Bianco*, the parties characterized "the portions of the transcript that they wish to have sealed as 'narrowly tailored excerpts.'" *Bianco*, 2014 WL 3422000, at *2. "The Court, however, [] carefully reviewed each of the nearly 100 portions of the transcript that the parties wish to have sealed, many of which include multiple pages, and [was] not persuaded that the excerpts are 'narrowly tailored.'" *Id.*

In another on-point case, the plaintiff argued that information regarding the third-party payments under confidential licensing agreements should be sealed. *Data Engine Technologies*, 2016 WL 9281313, at *1. While the Court agreed that such third-party licensees' names and the confidential content of the license should be sealed, the Court rejected the plaintiff's attempt to over-designate the portions to be sealed:

> [U]pon review of the transcript and the requested sealed portions, it is apparent that not all the requested portions relate directly to the third-party confidential information in question. Indeed, the majority of the requested portions relate to Plaintiff's damages expert's conclusion regarding an industry standard royalty rate. …. Moreover, by appropriately sealing the names of the third parties and the confidential content of the negotiations, any harm to those parties by publicizing Plaintiff's damages expert's conclusion regarding an appropriate royalty rate in this action is eliminated.

*Id.*, 2016 WL 9281313, at *1. In sum, the proponent of sealing must "submit a particularized showing" for each portions of the record that it seeks to maintain under seal. *See Blue Spike*, 2016 WL 9275966, at *4. Plaintiffs failed to make such a showing, so the Motion should be denied.

### III.   Plaintiffs cannot seal the entire hearing transcript as they failed to meet their heavy burden of overcoming the strong presumption in favor of public access to court records.

Plaintiffs' Motion cites no legal authority supporting the proposition that a wholesale request to seal the entire transcript should be granted where the requesting party: (1) failed to seal the courtroom; (2) failed to take any other measures before or during the hearing to seal any information presented at the hearing; (3) failed to designate narrowly tailored portions of the transcript by specific page and lines; and (4) failed to offer compelling reasons and particularized showings for why such portions should be sealed despite the strong presumption in favor of open court records. This is especially significant here, where Plaintiffs cannot articulate what the confidential information or trade secrets purportedly are and insist on concealing their explanation because they do not exist. Plaintiffs were represented by highly competent counsel at the hearing who observed the evidence as it was admitted, so the most reasonable explanation for Plaintiffs failure to make a specific showing of anything in the transcript constituting a trade secret or confidential information, is the conclusion that such a showing cannot be made.

### A.   Plaintiffs waived the alleged confidentiality by freely disclosing it in open court.

> *"Just remember that once the toothpaste is out of the tube, it is going to be very tough to get it back in."*
>
> – Harry Robbins Haldeman, Chief of Staff to Pres. Nixon

What has already been freely discussed in open court and disclosed to the public cannot be made secret again regardless of how strongly Plaintiffs feel it should be confidential. *See, e.g.*, *Apple v. Samsung*, 727 F.3d at 1220 ("once the parties' confidential information is made publicly available, it cannot be made secret again"); *Ameziane v. Obama*, 620 F.3d 1, 5 (D.C. Cir. 2010) (once the information "is revealed publicly, the disclosure cannot be undone"); *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008) ("Secrecy is a one-way street: Once information is published, it cannot be made secret again."); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 n.11 (2d Cir. 2004) ("Once the cat is out of the bag, the ball game is over." (citation omitted)).

Plaintiffs suggests that the hearing took place "in the presence of only counsel record [*sic*] and court personnel[.]" (Dkt. #59 at 1–2). This is untrue. There were at least three third-party witnesses—Nghi Tran, Matt Morris, and Scott Anthony Ross—who were not excluded from listening to other witnesses' testimony. Further, personnel from Defense counsel's firm entered and left the courtroom several times throughout the day without Plaintiffs ever questioning who they were. And finally, a party representative for ARIIX—whom Plaintiffs allege is a direct competitor—was sitting in the courtroom for most of the hearing. In short, Plaintiffs simply did not care who was present in the courtroom on June 19, 2018. It was not until four days later that Plaintiffs changed their tune.

This situation is akin to *Harman v. Trinity Industries*, where the proponents of sealing the record, Trinity and Texas A&M, failed to move to seal the courtroom during the trial "or otherwise preclude the public's access to such evidence." 2015 WL 10733402, *1. The Court held that "the written transcripts of the testimony presented at trial, and all exhibits admitted into evidence, became at that time part of the public record," and thus granted the motion to unseal the entire trial record. Here, just as in *Trinity Industries*, any testimony presented and all exhibits admitted into

evidence at the preliminary injunction hearing became part of the public record on June 19. Plaintiffs cannot put that confidentiality cat back in the bag with a haphazard, *post hoc* "emergency" motion. The urgency to protect Plaintiffs' confidential information—if it ever existed—disappeared on the morning of June 19.

**B.      Plaintiffs failed to narrowly tailor their request to seal the transcript.**

Plaintiffs have not pointed to any specific passage that require sealing. Plaintiffs merely allege that the transcript may discuss "*potentially* very confidential and proprietary business and trade secrets[.]" (Dkt. #59 at 4, emphasis added.) It is transparent that Plaintiffs (1) have not specifically identified their trade secrets and (2) cannot point to a portion of the transcript where any trade secrets were allegedly disclosed during the hearing.

In short, there is no confidential information in the transcript. The witnesses either discussed documents and information that are publicly available, or any confidentiality that once existed was lost the witnesses discussing confidential documents and information in open court without objection or any attempt to seal the courtroom.

Plaintiffs must provide specific evidence of trade secrets that were allegedly misappropriated at the preliminary injunction stage. *See St. Jude Medical S.C., Inc. v. Janssen-Counotte*, No. A-14-CA-877-SS, 2014 WL 7237411, *15 (W.D. Tex. Dec. 17 2014) (denying TRO and preliminary injunction because the court was "not clear on *what specific trade secrets are at issue*" when the plaintiff generically claimed as confidential "a five-year global strategic plan (the Strat Plan)" that contained more than 500 slides). Such is the situation here. Plaintiffs vague and conclusory allegations of trade secrets and confidential information are not sufficient to establish the existence of either. Thus, even if the Court were to permit Plaintiffs time "*until the transcript can be reviewed by counsel*" (Dkt. #59 at 2), there will be nothing confidential that should be sealed or redacted.

**C.**     **Plaintiffs failed to offer compelling reasons and particularized showing for why any portion of the transcript should be sealed despite the strong presumption in favor of open court records.**

1.      *Plaintiffs cannot rely on Dickey's Barbecue and ThermoTek to generically claim that they need to seal the entire transcript to protect "confidential business information."*

Without pointing to specific documents or testimony, Plaintiffs generically claim that "courts routinely find sealing necessary to protect the proprietary and confidential business information and trade secrets of a party from the eyes of prying competitors, or others." (Dkt. #59 at 4.) Generic references, however, do not warrant sealing the record. In this regard, Plaintiffs' reliance on *Dickey's Barbecue Pit, Inc. v. Neighbors*, No. 4:14-CV-484-RC, 2015 WL 13466613, at *3 (E.D. Tex. June 5, 2015) is misplaced.

First, *Dickey's* was decided at the summary judgment stage, where the plaintiff timely moved to seal certain exhibits before they became public filings. Here, Plaintiffs have already publicly disclosed the allegedly confidential information to the public.

Second, in *Dickey's*, the Court held that it "will not allow exhibits that have already been made part of the public record to remain sealed." *Id.* Specifically, the Court noted that "[t]hese documents have been part of the public record since Dickey's filed its Complaint on July 28, 2014" and that "[s]ealing them at this late juncture would undermine the public's presumptive right of access to judicial records." *Id.* (citing *Van Waeyenberghe*, 990 F.2d at 848). The Court looked beyond the plaintiff's naked allegation that the documents contained confidential information, and determined—for each specific document—whether the content of such document was already in the public domain. "The court will not allow the … documents to remain under seal because they contain no sensitive financial or operational material … [s]ince the substance of these letters is already discussed in the public record, and nothing confidential is disclosed, the public's common-law right of access outweighs the need to seal these letters." *Id.* at *4.

Third, Plaintiffs have not pointed to any specific exhibit or testimony discussing Plaintiffs' financial or operational materials that is not already public information. None of the exhibits discussed and admitted thus far discuss Plaintiffs' financial or operational materials that have not already been made public in Plaintiffs' voluntary disclosures to Direct Selling News (DSN) to qualify for DSN Global 100. *See, e.g.,* Def. Ex. 1 and Rough Tr. at 240–43. Plaintiffs' entire business model and operational plans is public information. *See, e.g.,* World Ventures Review 2018 – Travel Scam? Pyramid Scheme?, YOUTUBE, https://youtu.be/kcq7ShMXVow (last visited June 25, 2018).

Similarly, Plaintiffs' reliance on *Bear Ranch, LLC v. Heartbrand Beef, Inc.*, No. 6:12-CV-14, 2014 WL 12599343, at *1 (S.D. Tex. May 14, 2014), is equally unavailing. In particular, the *Bear Ranch* was in the context of a motion in limine to seal trial exhibits, and the documents at issue were properly designated as "confidential" under the protective order throughout the case. *See id.* Bear Ranch is not a situation in which the plaintiff was trying to put the confidentiality toothpaste back in the tube after having already disclosed the information to the public.

Simply citing to *Dickey's* or *Bear Ranch* for the proposition that confidential or proprietary information is "routinely" sealed is not enough to support Plaintiffs' blanket request to seal the entire transcript. Plaintiffs cannot possibly claim that all 278 pages of the transcript—or any portions thereof— specifically discuss Plaintiffs' confidential financial or operational material. It has been six days since the hearing, and Plaintiffs have yet to establish the existence of any specific trade secrets allegedly misappropriated by Defendants because there simply are none.

    2.    *The public has a strong interest in knowing Plaintiffs' allegations regarding what its employees and sales representatives can or cannot do and Plaintiffs' fraudulent or illegal conduct in the United States and abroad.*

The public has a right to access the judicial records on lawsuits by or against Plaintiffs, and Plaintiffs cannot be permitted to deprive the public of this right. As discussed in the Emergency

Motion to Dissolve Plaintiffs' Ex Parte Temporary Restraining Order (Dkt. #24 at ¶ 57), this lawsuit and the injunction has the potential to affect third parties—former WorldVentures employees and independent sales representatives—who have left WorldVentures on their own accord independent of any purported acts on Defendants' part. Indeed, a simple Google search will reveal hundreds of complaints, horror stories, and negative reviews of WorldVentures and the public's intense interest in WorldVentures's legal and financial troubles. Specifically, former and current WorldVentures representatives are keeping a close eye on the class action pending before the Northern District of Texas, where a putative class representative is asserting that WorldVentures's representative agreement and associated Policies & Procedures are not enforceable. *See Yiru v. Worldventures Holdings LLC*, Case No. 3:17-cv-2155-S (N.D. Tex., Scholer, J., presiding). The only reason the public is able to engage in an ongoing debate[2] regarding the class action is because the judicial records therein have not been overly or improperly sealed.

The Court's decision to unseal the record in *Blue Spike* is instructive here regarding the need to exercise caution before "depriving the public access" to the Court's records. *Blue Spike*, 2016 WL 9275966, at *3 ("it is an abuse of discretion for a district court to seal documents without first determining whether the rationale for sealing justifies). In *Blue Spike*, the Court held that the public has a strong interest in understanding the plaintiffs' "abusive [] litigation tactics" and "has a continuing interest in understanding [plaintiff]'s claims" to inform the public debate. *Blue Spike*, 2016 WL 9275966, at *4. Just as in *Blue Spike*, the public—including WorldVentures's former, current, and prospective employees and sales representatives—have a strong interest in knowing

---

[2] *See, e.g.,* WorldVentures Pyramid Scheme Lawsuit, http://www.sequenceinc.com/fraudfiles/2017/12/worldventures-pyramid-scheme-lawsuit/ (last visited June 25, 2018); Better Business Bureau®, https://www.bbb.org/dallas/business-reviews/multi-level-selling-companies/worldventures-marketing-in-plano-tx-90030075/reviews-and-complaints?section=complaints (last visted June 25, 2018) (complaint on May 9, 2018, noting that "Worldventures needs to pay me in full all back pay that is due to me. … Or myself and others will be filing a class action lawsuit against world ventures for non payment and damages.").

the scope and enforceability of WorldVentures's confidentiality, non-solicit, and non-compete obligations. Plaintiffs' former, current, and prospective employees and sales representatives are entitled to know that Plaintiffs are trying to restrict their right to work and to preclude them from continuing with business relationships that they spent their own money to develop.

Further, the public has the right to know if Plaintiffs' business is an unlawful pyramid scheme so that unsuspecting members of the public are not lured into their scheme. Indeed, the public and the new media is already intensely interested in the legality of WorldVentures' business model and whether their treatment of the independent sales representatives are fair and legal.[3]

## IV.    Conclusions

Plaintiffs have not specified what alleged trade secrets are at issue in this case beyond just generically naming the categories of information that *may be* trade secrets. Repeatedly asserting generic categories of information that *could be* trade secrets is neither enough to sustain a claim for misappropriation nor enough to overcome the strong presumption in favor of maintaining judicial records open and accessible to the public. Plaintiffs have not met the heavy burden of making a particularized showing of why certain narrowly tailored portions of the transcript is confidential and should be sealed from the public. Further, Plaintiffs have not shown any good cause why their failure to move to seal the courtroom during the hearing should be rewarded with a blanket sealing of the entire transcript. Finally, Plaintiffs have not shown how their 4-day late request to seal constitutes an emergency requiring the Court to parse through the transcript before Plaintiffs have bothered to identify the specific passages that allegedly need to be sealed. Accordingly, the Moving Defendants respectfully request that the Court deny Plaintiffs' belated motion to seal the transcript (Dkt. #59).

---

[3] "WorldVentures is a Scam? CBS News Story WorldVentures DreamTrips," YOUTUBE, https://youtu.be/DUUGh40_G-M (last visited June 24, 2018).

Dated: June 25, 2018

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

 /s/ Michelle D. Pector

Michelle D. Pector, Lead Attorney
State Bar No. 24027726
michelle.pector@morganlewis.com

Veronica J. Lew
State Bar No. 24082110
veronica.lew@morganlewis.com

Yon-Sun W. Sohn
State Bar No. 24083888
yon.sohn@morganlewis.com

Maryann Zaki
State Bar No. 24088707
maryann.zaki@morganlewis.com

1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile

**SIEBMAN, FORREST, BURG & SMITH, LLP**

Clyde M. Siebman
State Bar No. 18341600
clydesiebman@siebman.com

Elizabeth Forrest
State Bar No. 24086207
elizabethforrest@siebman.com

Federal Courthouse Square
300 North Travis Street
Sherman, TX 75090

*Attorneys for Defendants*
*Advanced Wellness Solutions Pte. Ltd.,*
*Abdelwadoud Barakat, and MaVie*

/s/ Kip H. Allison

**ALLISON | ASSOCIATES**
Kip H. Allison
State Bar No. 00789117
kip@allison-law.com

5600 Tennyson Parkway, Ste. 330
Dallas, TX 75024
(972) 608-4300 Telephone
(972) 608-4301 Facsimile

**THE LAW OFFICES OF DAN E. MARTENS**
Dan E. Martens
State Bar No. 13050500
dmartens@danielmartens.com

5600 Tennyson Parkway, Ste. 382
Dallas, TX 75024
(972) 335-3888 Telephone
(972) 335-5805 Facsimile

*Attorneys for Defendants Jonathan McKillip, and Kyle Lowe*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this day, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

/s/ *Michelle Pector*
Michelle Pector