# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| WORLDVENTURES HOLDINGS, LLC, WORLDVENTURES MARKETING, LLC, WORLDVENTURES MARKETING LIMITED, WORLDVENTURES CANADA INC., WORLDVENTURES MARKETING B.V., WORLDVENTURES MARKETING (HONG KONG) LIMITED, WORLDVENTURES MARKETING PTE. LTD., WORLDVENTURES TAIWAN LTD., WORLDVENTURES MARKETING PTY LTD., WORLDVENTURES MARKETING JAMAICA LIMITED, WORLDVENTURES SERVICES, LLC, WORLDVENTURES COOPERATIEF U.A., WORLDVENTURES MARKETING SP.Z.O.O., WORLDVENTURES MARKETING SOUTH AFRICA, WORLDVENTURES ENTERPRISES LLC, WV SERVICES MALAYSIA SDN BHD, WORLDVENTURES MARKETING SRL, WORLDVENTURES MARKETING (CYPRUS) LIMITED, WORLDVENTURES MARKETING D.O.O. BEOGRAD, WORLDVENTURES MARKETING SL, D.O.O., WORLDVENTURES MARKETING LIMITED, WORLDVENTURES MARKETPLACE, LLC, WORLDVENTURES HOLDINGS (NETHERLANDS) B.V., WORLDVENTURES MARKETING LIMITED (NEW ZEALAND), WORLDVENTURES MARKETING COLOMBIA S.A.S., WORLDVENTURES HOLDINGS ASIA PTE. LTD., <br><br> v. <br><br> MAVIE, ARIIX, LLC, ARIIX HOLDINGS, LLC, ARIIX INTERNATIONAL, INC., ADVANCED WELLNESS SOLUTIONS PTE LTD., ABBOUD BARAKAT, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 4:18-CV-00393-ALM <br> Judge Mazzant |

| | |
|---|---|
| INDIVIDUALLY; JONATHAN MCKILLIP, INDIVIDUALLY; KYLE LOWE, INDIVIDUALLY; ANTHONY FITZGERALD, INDIVIDUALLY; MICHELLE SIDDY, INDIVIDUALLY; KEMBLE MORGAN, INDIVIDUALLY; AND DANIEL AUDET, INDIVIDUALLY; | § § § § § § § |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Moving Defendants' Emergency Motion to Continue the Preliminary Injunction Hearing (Dkt. #27) ("Motion to Continue"), Defendants' Emergency Motion to Vacate Order Granting Plaintiffs' Emergency Motion for Expedited Discovery and for Protection (Dkt. #33) ("Motion to Vacate"), Plaintiffs' Memorandum in Support of Plaintiffs' Application for Preliminary Injunction (Dkt. #36), Plaintiffs' Supplemental Memorandum in Support of Plaintiffs' Application for Preliminary Injunction (Dkt. #64), Plaintiffs' Post-Hearing Memorandum in Support of Plaintiffs' Application for Preliminary Injunction (Dkt. #104) (collectively "Application for Preliminary Injunction"), and Defendants' Motion to Strike Plaintiffs' Exhibits 68–82 and Exhibits 84–87 (Dkt. #66) ("Motion to Strike"). Having reviewed the motions and relevant pleadings, the Court finds that the Motion to Continue, the Motion to Vacate, and the Motion to Strike should be denied as moot and the Application for Preliminary Injunction should be granted in part and denied in part.

**BACKGROUND**

WorldVentures[1] is a multilevel marketing direct sales company operating in the travel and lifestyle subscription membership industry. Jonathan McKillip ("McKillip"), Kyle Lowe

---
[1] Plaintiffs consist of WorldVentures Holdings, LLC, WorldVentures Marketing, LLC, WorldVentures Marketing Limited, WorldVentures Canada Inc., WorldVentures Marketing B.V., WorldVentures Marketing (Hong Kong) Limited, WorldVentures Marketing PTE. LTD., WorldVentures Taiwan LTD., WorldVentures Marketing PTY LTD., WorldVentures Marketing Jamaica Limited, WorldVentures Services, LLC, WorldVentures Cooperatief U.A., WorldVentures Marketing SP.Z.O.O., WorldVentures Marketing South Africa, WorldVentures Enterprises LLC, WV

("Lowe"), Anthony Fitzgerald ("Fitzgerald"), Michelle Siddy ("Siddy"), Kemble Morgan ("Morgan"), and Daniel Audet ("Audet") (collectively "Former WorldVentures Employees") are all former employees of WorldVentures. While working for WorldVentures, the Former WorldVentures Employees signed various contracts and received confidential information. Moreover, in 2017, WorldVentures entered discussions with Defendants Abdelwadoud[2] Barakat ("Barakat") and Advanced Wellness Solutions ("Advanced") to form a partnership. During the course of such discussions, WorldVentures, Barakat, and Advanced entered various confidentiality agreements and exchanged confidential information. According to Plaintiffs, Barakat, McKillip, Lowe, Fitzgerald, Siddy, Morgan, and Audet (collectively "the Individual Defendants") conspired to misappropriate confidential information from Plaintiffs and use it for the advantage of competing companies Defendants MaVie ("MaVie"), ARIIX, LLC, ARIIX Holdings, LLC, ARIIX International, Inc. (collectively "ARIIX Defendants"), and Advanced (collectively "Entity Defendants").

Based on this allegation, on June 4, 2018, Plaintiffs filed this suit (Dkt. #1), an Emergency Application for Ex Parte Temporary Restraining Order ("TRO") (Dkt. #2), and requested expedited discovery to have enough information prior to the preliminary injunction hearing (Dkt. #4). On June 5, 2018, the Court granted Plaintiffs' request for expedited discovery (Dkt. #6), Plaintiffs' Application for TRO, and set the case for a preliminary injunction hearing on June 19, 2018 (Dkt. #5). After the entry of this Order, Advanced, Barakat, MaVie, the ARIIX Defendants, McKillip, and Lowe filed their Emergency Motion to Continue the Preliminary Injunction Hearing

---

Services Malaysia SDN BHD, WorldVentures Marketing SRL, WorldVentures Marketing (Cyprus) Limited, WorldVentures Marketing D.O.O. Beograd, WorldVentures Marketing SL, D.O.O., WorldVentures Marketing Limited, WorldVentures Marketplace, LLC, WorldVentures Holdings (Netherlands) B.V., WorldVentures Marketing Limited (New Zealand), WorldVentures Marketing Colombia S.A.S., and WorldVentures Holdings Asia PTE. LTD. (collectively "WorldVentures").

[2] Plaintiffs name this Defendant as Abboud Barakat; however, Defendants maintain that he is incorrectly named by Plaintiffs. The Court uses the name as identified by Defendants.

3

(Dkt. #27). Despite the Motion to Continue, the Court held the preliminary injunction hearing as set on June 19, 2018, which continued on June 26, 2018 and concluded on June 27, 2018 (collectively the "Preliminary Injunction Hearing").[3] Defendants Lowe, McKillip, the ARIIX Defendants, Advanced, Barakat, and MaVie also filed their Emergency Motion to Vacate Order Granting Plaintiffs' Emergency Motion for Expedited Discovery and for Protection (Dkt. #33), which the Court orally stayed on the first day of the Preliminary Injunction Hearing.[4] Finally, Defendants Advanced, Barakat, and MaVie filed an Emergency Motion to Dissolve Plaintiffs' Ex Parte Temporary Restraining Order (Dkt. #24), which the Court granted in part dissolving the TRO as to the Entity Defendants (Dkt. #85).

Prior to the Preliminary Injunction Hearing, on June 18, 2018, Plaintiffs filed Plaintiffs' Memorandum in Support of Plaintiffs' Application for Preliminary Injunction (Dkt. #36). On June 19, 2018, Defendants Advanced, Barakat, and MaVie filed a response to the Application (Dkt. #49). On June 25, 2018, Plaintiffs filed Plaintiffs' Supplemental Memorandum in Support of Plaintiffs' Application for Preliminary Injunction (Dkt. #64). On June 26, 2018, Defendants Advanced, Barakat, and MaVie filed a response to Plaintiffs' supplemental memorandum in support of their application for preliminary injunction (Dkt. #71). After the conclusion of the Preliminary Injunction Hearing, on July 4, 2018, Plaintiffs filed Plaintiffs' Post-Hearing Memorandum in Support of Plaintiffs' Application for Preliminary Injunction (Dkt. #104). On the same day, Defendants McKillip and Lowe filed their supplemental brief opposing the application for preliminary injunction (Dkt. #105). Further, on July 6, 2018, Defendants Advanced, Barakat, and MaVie filed a response opposing Plaintiffs' post-hearing motion in support of the application for preliminary injunction (Dkt. #120). Plaintiffs filed their reply to

---

[3] Accordingly, the Court finds this Motion to Continue should be denied as moot.
[4] Based on the resolution of this motion, the Court finds that this Motion to Vacate should be denied as moot.

4

Defendants' McKillip and Lowe's opposition (Dkt. #134) and to Defendants Advanced, Barakat, and MaVie on July 9, 2018 (Dkt. #138).

Additionally, on June 25, 2018, Defendants Advanced, Barakat, and MaVie filed a motion to Strike Plaintiffs' Exhibits (Dkt. #66). Plaintiffs filed a response on June 29, 2018 (Dkt. #87). On July 6, 2018, Defendants Advanced, Barakat, and MaVie filed a reply (Dkt. #122) and Plaintiffs filed a sur-reply on July 9, 2018 (Dkt. #137).

## APPLICABLE LAW

Under Rule 65 of the Federal Rules of Civil Procedure, "[e]very order granting an injunction and every restraining order must: (a) state the reasons why it issued; (b) state its terms specifically; and describe in reasonable detail . . . the act or acts restrained or required." FED. R. CIV. P. 65(d). A plaintiff seeking a temporary restraining order must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat that plaintiff will suffer irreparable harm if the injunction is not granted; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008).

## ANALYSIS

### I.     Preliminary Injunction

WorldVentures asserts that it can show (1) a substantial likelihood of success on the merits; (2) irreparable harm; (3) the threatened harm outweighs the injury of granting an injunction; and (4) the public interest supports granting an injunction. Defendants maintain that Plaintiffs cannot meet any of these requirements.

### A. Substantial Likelihood of Success on the Merits

To prevail on a motion for preliminary injunction, a movant must demonstrate a substantial likelihood of success on the merits. This requires a movant to present a prima facie case. *See Daniels Health Scis., LLC v. Vascular Health Scis.*, 710 F.3d 579, 582 (5th Cir. 2013) (citing *Janvey v. Alguire*, 647 F.3d 585, 595–96 (5th Cir. 2011)). A prima facie case does not mean movants must prove they are entitled to summary judgment. *See Byrum v. Landreth*, 566 F.3d 442, 446 (5th Cir. 2009). After a review of the arguments submitted in the briefing and after the arguments and evidence presented at the Preliminary Injunction Hearing, the Court finds that, at this time, there is only sufficient evidence to enjoin Jonathan McKillip.[5]

Plaintiffs moved for a preliminary injunction arguing that Plaintiffs were likely to succeed on the merits of their claims against McKillip for: (1) misappropriation of trade secrets and confidential and proprietary information; (2) breach of contract; (3) breach of fiduciary duty; and (4) tortious interference with contract.[6] Plaintiffs assert that they have shown a substantial likelihood of success on the merits as to each cause of action. The Court finds it only necessary to address breach of contract at this time.

Under Texas law, "[t]he elements of a breach of contract claim are: (1) the existence of a valid contract between plaintiff and defendant; (2) the plaintiff's performance or tender of performance; (3) the defendant's breach of the contract; and (4) the plaintiff's damage as a result of the breach." *In re Staley,* 320 S.W.3d 490, 499 (Tex. App.—Dallas 2010, no pet.).

---

[5] The Court finds that Plaintiffs did not prove the elements required for a preliminary injunction against the Entity Defendants, Abdelwadoud Barakat, Kyle Lowe, Michelle Siddy, or Daniel Audet. Further, the Court notes that there could be a basis to enjoin Anthony Fitzgerald and Kemble Morgan; however, the Court has concerns about whether or not Texas has personal jurisdiction over these two individuals. Accordingly, the Court defers ruling on the preliminary injunction as to these two defendants until it resolves any issues regarding jurisdiction.

[6] In Plaintiffs' Post-Hearing Memorandum in Support of Plaintiffs' Application for Preliminary Injunction (Dkt. #104), Plaintiff asserted civil conspiracy, as a new basis to enjoin all Defendants, including McKillip, which the Court finds untimely. The Court did invite either party to file additional briefing, but this was not an invitation to include a completely new basis to enjoin Defendants. As such, the Court will not consider this new basis.

McKillip signed three different contracts in connection with his employment for WorldVentures: (1) a Confidentiality and Proprietary Rights Agreement ("McKillip's Confidentiality Agreement"); (2) a Consulting Agreement; and (3) an Employee Acknowledgement Form. Neither party disputes that these contracts were valid contracts between Plaintiffs and McKillip. Moreover, McKillip presented no argument suggesting that Plaintiffs did not perform under any of the contracts. As such, the issue before the Court is whether Plaintiffs are likely to succeed on a claim that McKillip breached any of these contracts.

McKillip's Confidentiality Agreement[7] states that McKillip agreed

> not to access or use any Confidential Information, and not copy any documents, records, files, media or other resources containing any Confidential Information, or remove any such documents, records, files, media or other resources from the premises or control of the Employe[r], except as required in the performance of the Employee's authorized employment duties to the Employer or with the prior consent of an authorized officer acting on behalf of the Employer in each instance (and then, such disclosure shall be made only within the limits and to the extent of such duties or consent).

(Plaintiffs' Exhibit #15 at pp. 2–3). At the hearing, Plaintiffs provided evidence that demonstrated McKillip forwarded an email containing the October 2017 Business Review from his WorldVentures email account to his personal email address on December 11, 2017, which was only twenty days before he resigned from WorldVentures (Plaintiffs' Exhibit #43). There is no evidence that this was done in the course of McKillip's employment or with any written consent of WorldVentures.

Accordingly, if the October 2017 Business Review is confidential information, it is likely that Plaintiffs will be able to succeed on the merits of their breach of contract claim against McKillip. McKillip's Confidentiality Agreement states that

> Confidential Information includes, but is not limited to, all information not generally known to the public, in spoken, printed, electronic or any other form or

---

[7] McKillip's Confidentiality Agreement is between McKillip and WorldVentures Holdings, LLC.

> medium relating directly or indirectly to: business processes, practices, methods, policies, plans, . . . records, articles, systems, material, sources of material, supplier information, vendor information, financial information, results, accounting information, accounting records, . . . pricing information, . . . sales information, revenue costs . . . .

(Plaintiffs' Exhibit #15 at pp. 1–2). This business review, in part, contained the financial results for the company, membership analytics, key financial highlights—including revenue for the month, the cost of goods sold, the gross profit, the gross profit percentage, the operating expenses, and the operating income—compared to financial highlights from previous years, and gross profit comparisons—comparing revenue from certain events (Plaintiffs' Exhibit #43). During the Preliminary Injunction Hearing, Dan Stammen, one of the WorldVentures owners, testified that this documents allows WorldVentures to develop their formula for a successful business model, giving WorldVentures the opportunity to make adjustments in order to grow their business. Stammen commented that this information in the hand of his competitors would give them a competitive advantage, because it illuminates what percentage of profit is necessary to be successful and the importance of certain events compared to others. The Court finds this sufficient to classify this document as confidential information for this stage of the litigation. Thus, WorldVentures has shown a likelihood of success on the merits regarding a breach of this contractual provision.[8] The Court finds no other basis to enjoin McKillip based on breach of contract.

### B. Substantial Threat of Irreparable Harm

Plaintiffs must demonstrate they are "likely to suffer irreparable harm in the absence of preliminary relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). "[H]arm is irreparable

---

[8] In Plaintiffs' Post-Hearing Memorandum in Support of Plaintiffs' Application for Preliminary Injunction (Dkt. #104), WorldVentures offered Exhibit 3 as additional support for the claim that McKillip breached this contractual provision; however, without considering this evidence the Court found it likely that Plaintiffs would prevail on this assertion.

where there is no adequate remedy at law, such as monetary damages." *Janvey*, 647 F.3d at 600. An injunction is appropriate only if the anticipated injury is imminent and not speculative. *Winter*, 555 U.S. at 22.

Here, McKillip is in breach of the contract, not only by forwarding the December 11, 2017 Email to his personal email address, but also by any continued use of such confidential information (Plaintiffs' Exhibit #15 at pp. 2–3 ("not to access or *use* any Confidential Information") (emphasis added)). Plaintiffs detailed that "the improper use of the Confidential Information by the Employee might cause the Employer to incur financial costs [and] loss of business advantage . . . ." (Plaintiff's Exhibit #15 at p. 1). "The use of an employer's confidential information and the possible loss of customers is sufficient to establish irreparable harm." *TransPerfect Translations, Inc. v. Leslie*, 594 F. Supp. 2d 742, 757 (S.D. Tex. 2009); *accord Redi-Mix Sols., Ltd. v. Express Chipping*, No. 6:16-cv-298-RWS-KNM, 2016 WL 7634050, at *9–*10 (E.D. Tex. Dec. 12, 2016), *report and recommendation adopted by*, 2017 WL 26083 (E.D. Tex. Jan. 3, 2017). The Court finds that the continued use of the confidential information taken by McKillip, in violation of McKillip's Confidentiality Agreement, until a trial on the merits would irreparably harm Plaintiffs.

### C. Balance of Hardships

When deciding whether to grant an injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citation omitted). Defendants' main contention is that, as written, the injunction will serve to destroy Defendants' businesses. While the Court does not comment on the likely survival or destruction of Defendants' operations, the Court agrees that, as written, the harm to Defendants is greater than the harm to Plaintiffs. However, because the Court finds a

narrow reason to enjoin McKillip,[9] the Court finds that the harm of using Plaintiffs' confidential information outweighs a narrow injunction against McKillip.

### D. Public Interest

"In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24 (quoting *Weinberger*, 465 U.S. at 312). This factor overlaps substantially with the balance-of-hardships requirement. *Id.* Issuing a limited injunction in this case would not disserve the public interest because confidentiality agreements, along with other, similar types of agreements, "'encourage employers to entrust confidential information and client relationships to key employees.'" *Redi-Mix Sols.*, 2016 WL 7634050, at *10 (quoting *Premier Polymers, LLC v. Wendt*, No. H–15–1812, 2015 WL 4434551, at *7 (S.D. Tex. July 17, 2015)).

### E. Bond

The party moving for a preliminary injunction must give "security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." FED. R. CIV. P. 65(c). The amount of that security "is a matter for the discretion of the trial court." *Kaepa Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (quoting *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 303 (5th Cir. 1978)). The Court has already set a $1,000.00 bond when it issued the TRO in this case and finds that such bond is sufficient for this limited preliminary injunction.[10]

---

[9] Because there is a narrow basis for an injunction, the Court will limit the requested injunction and will narrowly tailor the injunction to protect against the breach of contract.

[10] Defendants did argue that the bond was not sufficient; however, because the Court issues only a limited injunction, the Court finds it unnecessary to increase the amount of the bond.

## II. Motion to Strike

Defendants ask the Court to strike Plaintiffs' Exhibits 68–82 and 84–87. Plaintiffs opposed the motion. As the Court did not use the listed exhibits in reaching its decision on the merits of this Application for Preliminary Injunction, the Court denies the request to strike as moot.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Memorandum in Support of Plaintiffs' Application for Preliminary Injunction (Dkt. #36), Plaintiffs' Supplemental Memorandum in Support of Plaintiffs' Application for Preliminary Injunction (Dkt. #64), Plaintiffs' Post-Hearing Memorandum in Support of Plaintiffs' Application for Preliminary Injunction (Dkt. #104) are hereby **GRANTED IN PART and DENIED IN PART**.[11]

It therefore **ORDERED** that Defendant Jonathan McKillip is hereby **ENJOINED** from using information taken in violation of his Confidentiality and Proprietary Rights Agreement. McKillip is further required to return any information taken in violation of his Confidentiality and Proprietary Rights Agreement. Within ten days of the entry of this Order, Plaintiffs must provide a list to McKillip of what needs to be returned. McKillip will then have ten days to object to the list as provided by Plaintiffs.

It is further **ORDERED** Moving Defendants' Emergency Motion to Continue the Preliminary Injunction Hearing (Dkt. #27), Defendants' Emergency Motion to Vacate Order Granting Plaintiffs' Emergency Motion for Expedited Discovery and for Protection (Dkt. #33), and Defendants' Motion to Strike Plaintiffs' Exhibits 68–82 and Exhibits 84–87 (Dkt. #66) are hereby **DENIED as moot**.

---

[11] Further, as previously mentioned, the Court defers ruling on the motion in part as to Anthony Fitzgerald and Kemble Morgan until the Court can resolve whether Texas has personal jurisdiction over these defendants.

**SIGNED this 25th day of July, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE