# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| WorldVentures Holdings LLC, *et al.*, <br>                    *Plaintiffs*, <br><br> v. <br><br> ARIIX, LLC, ARIIX Holdings, LLC, ARIIX <br> International, Inc., <br> Advanced Wellness Solutions Pte. Ltd., <br> Abdelwadoud Barakat, individually, <br> Jonathan McKillip, individually, <br> Kyle Lowe, individually, <br> Anthony Fitzgerald, individually, <br> Michelle Siddy, individually, and <br> Daniel Audet, individually, <br>                    *Defendants*. | Civil Action No. <br> 4:18-cv-393-ALM <br><br> Jury Trial Demanded |

## DEFENDANTS ADVANCED WELLNESS SOLUTION PTE. LTD. AND ABDELWADOUD BARAKAT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND ORIGINAL COUNTERCLAIMS

Defendants Advanced Wellness Solutions Pte. Ltd. ("Advanced Wellness") and Abdelwadoud Barakat ("Barakat") (collectively, the "Advanced Defendants") hereby submit their Answer and Affirmative Defenses ("Answer") to Plaintiff WorldVentures Holdings, LLC's ("WVH") Second Amended Complaint ("SAC") (Dkt. #284) and Original Counterclaims.[1] Except as otherwise admitted in this Answer, the Advanced Defendants deny each and every allegation in the SAC.

## I. NATURE OF THE ACTION

1.     The Advanced Defendants admit that this action alleges claims of unfair competition, violations of the Lanham Act, 15 U.S.C. § 1125(a), misappropriation of trade secrets

---

[1] The Advanced Defendants submit their Answer and Affirmative Defenses and Original Counterclaims in light of the Court's Memorandum Opinion and Order (Dkt. # 296), in which the Court dismissed all claims by all Affiliate Plaintiffs against the Advanced Defendants. Accordingly, the Advanced Defendants answer only as to the remaining entity, WVH's claims against the Advanced Defendants and assert counterclaims as to WVH.

under Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, *et seq.*, and the Texas Uniform Trade Secrets Act, Tex. Civ. Prac. & Rem. Code Chapter 134A, breach of contract, conversion, tortious interference with existing contractual relationships, and civil conspiracy. The Advanced Defendants admit that WVH alleges assisting and encouraging, concert of action, joint enterprise, but deny that such are separately cognizable causes of action. The Advanced Defendants deny that WV has properly stated a cause of action for declaratory relief under the Declaratory Judgment Act, 28 U.S.C § 2201. The Advanced Defendants specifically deny that Plaintiffs are entitled to any relief. Furthermore, the Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph of the SAC and therefore deny the same.

2.      The Advanced Defendants admit that WVH purports to be a multilevel marketing direct sales company with representatives in certain national and international markets. The Advanced Defendants deny all remaining allegations inconsistent with this response.

3.      The Advanced Defendants admit that Lowe and McKillip are former employees of WVH, who terminated their employment with WVH at some point in 2017 or 2018. The Advanced Defendants deny that Fitzgerald or Siddy had an employment relationship with WVH. The Advanced Defendants deny all remaining allegations inconsistent with this response.

4.      The Advanced Defendants admit that Audet is a former employee of WVH. The Advanced Defendants further admit that he terminated his employment with WVH in 2016. The Advanced Defendants deny all remaining allegations inconsistent with this response.

5.      The Advanced Defendants admit that MaVie is a brand name affiliated with Advanced Wellness. The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the ARIIX entities and therefore deny

2

the same. The Advanced Defendants deny all remaining allegations inconsistent with this response.

6.      The Advanced Defendants admit that MaVie is a brand that offers nutritional and wellness products and a lifestyle membership that is sold through a multilevel marketing network. The Advanced Defendants deny all remaining allegations inconsistent with this response.

7.      Denied.

8.      The Advanced Defendants admit that Advanced Wellness and WVH executed a Mutual Confidentiality Agreement in July 2017. The Advanced Defendants admit that the agreement is Exhibit 1 to the SAC. The Advanced Defendants deny all remaining allegations inconsistent with this response.

9.      The Advanced Defendants admit that Audet was involved in the execution of the Advanced NDA. The Advanced Defendants deny all remaining allegations inconsistent with this response.

10.     The Advanced Defendants admit that the business negotiations between Advanced Wellness and WVH were unsuccessful. The Advanced Defendants deny all remaining allegations inconsistent with this response.

11.     The Advanced Defendants admit that Advanced Wellness contractually engaged Audet, Fitzgerald, Siddy, McKillip, and Lowe. The Advanced Defendants deny all remaining allegations inconsistent with this response.

12.     Denied.

13.     Denied.

14.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

15.     Denied.

16.     Denied.

17.     Denied.

18.     The Advanced Defendants admit that the Court entered a limited-scope preliminary injunction against McKillip.

19.     Denied.

## II. THE PARTIES

### a. Plaintiffs

20.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

21.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

### b. The Advanced Defendants

22.     The Advanced Defendants admit Advanced Wellness is organized and exists under the laws of Singapore with a registered office located at 6 Temasek Boulevard, #09-05 Suntec Tower 4, Singapore, 038986. Advanced further admits it has appeared in this lawsuit.

23.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

24.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

25.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

26.     The Advanced Defendants admit Barakat is a citizen of Jordan, who resides in the United Arab Emirates. The Advanced Defendants admit Barakat has appeared in this lawsuit.

27.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

28.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

29.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

30.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

31.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

### III. JURISDICTION AND VENUE

#### a. Jurisdiction

32.     Paragraph 32 sets out a legal conclusion to which no response is necessary. The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph of the SAC and therefore deny the same.

33.     Paragraph 33 sets out a legal conclusion to which no response is necessary.

#### b. Venue

34.     Paragraph 34 sets out a legal conclusion to which no response is necessary. The Advanced Defendants deny that they regularly transact business within the jurisdiction of the United States District Court for the Eastern District of Texas.

35.     Paragraph 35 sets out a legal conclusion to which no response is necessary. The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph of the SAC and therefore deny the same.

36.     Paragraph 36 sets out a legal conclusion to which no response is necessary. The Advanced Defendants deny that this Court has personal jurisdiction over them. The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph of the SAC and therefore deny the same.

37.     Paragraph 37 sets out a legal conclusion to which no response is necessary. The Advanced Defendants deny that venue is proper in this district and division. The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph of the SAC and therefore deny the same.

38.     Paragraph 38 sets out a legal conclusion to which no response is necessary. The Advanced Defendants admit that Barakat is an alien to this jurisdiction. The Advanced Defendants deny Barakat regularly transacts business with other Defendants in this district and division. The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph of the SAC and therefore deny the same.

39.     Denied.

40.     Advanced Wellness denies that they regularly transact business within in this district and division. The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph of the SAC and therefore deny the same.

41.     Denied.

## IV. STATEMENT OF FACTS

42.     The Advanced Defendants admit that WVH purports to be a multilevel marketing direct sales company. The Advanced Defendants deny all remaining allegations inconsistent with this response.

43.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

44.     The Advanced Defendants admit that the multilevel marketing network structure is often referred to as the genealogy. The Advanced Defendants deny all remaining allegations inconsistent with this response.

45.     Denied.

46.     Denied.

47.     The Advanced Defendants admit that on June 29, 2018, Barakat, McKillip, Lowe, Fitzgerald, Siddy, and Audet were listed on the MaVie website. The Advanced Defendants further admit that they are no longer listed on the MaVie website. The Advanced Defendants deny all remaining allegations inconsistent with this response.

**A. Advanced and Barakat**

48.     The Advanced Defendants admit that effective July 1, 2017, the Advanced Defendants signed the Advanced NDA with WVH in order to evaluate a possible business transaction related to WV's Asian market. The Advanced NDA speaks for itself and the Advanced Defendants deny all remaining allegations inconsistent with the agreement's terms.

49.     The Advanced Defendants deny paragraph 49 as written.

50.     Denied.

51.     The Advanced Defendants admit that Barakat is the Founder and Chief Executive Officer of MaVie.

52.     The Advanced NDA speaks for itself and the Advanced Defendants deny all allegations inconsistent with the agreement's terms.

53.     The Advanced Defendants admit that Barakat traveled to WV's offices in Plano, Texas on two occasions during their business negotiations regarding WV's Asian market. The Advanced Defendants deny all remaining allegations inconsistent with this response.

54.     The Advanced Defendants admit that Advanced Wellness entered into a Letter of Intent with WVH that was effective July 28, 2017, regarding WV's Asian market. The Advanced Defendants further admit the LOI is attached as Exhibit 3 and that Audet executed on behalf of Advanced Wellness. The LOI speaks for itself and the Advanced Defendants deny all remaining allegations inconsistent with the agreement's terms. The Advanced Defendants further admit Advanced Wellness and WVH chose not to move forward with the business proposition. The Advanced Defendants deny all remaining allegations inconsistent with this response.

55.     Denied.

56.     The Advanced Defendants admit that during the course of the business negotiations between WVH and Advanced Wellness, Lowe sent it a list of WV's trademarks and domains. The Advanced Defendants deny all remaining allegations inconsistent with this response, including the implicit statement that this list confidential, proprietary, or trade secret information.

57.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

58.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

59.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

60.     The Advanced Defendants admit that the Soojays are MaVie representatives. The Advanced Defendants are without sufficient knowledge or information to form a belief as to the

truth of the remaining allegations set forth in this paragraph of the SAC and therefore deny the same.

61.     Denied.

62.     The Advanced Defendants admit there was a meeting with WVH employees on two occasions at the WVH office in Plano, Texas regarding the WV Asia market negotiations. The Advanced Defendants further admit that there was a meeting with Matt Morris in Texas. The Advanced Defendants deny that Barakat traveled to Texas to attempt to recruit MaVie individuals such as Morris. The Advanced Defendants deny all remaining allegations inconsistent with this response.

63.     The Advanced Defendants deny that Barakat traveled to Texas to meet with McKillip, Lowe, and Audet at various points throughout 2014 and 2016. The Advanced Defendants admit that since 2018, Barakat has met with McKillip, Lowe, and Audet. The Advanced Defendants deny all remaining allegations inconsistent with this response.

64.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

65.     The Advanced Defendants deny that Ex. 5 purports to show Audet, Barakat, McKillip and Morris arranging for Morris to travel to Salt Lake City, Utah. The Advanced Defendants deny all remaining allegations inconsistent with this response.

66.     The Preliminary Injunction Hearing Transcript speaks for itself and the Advanced Defendants deny all remaining allegations inconsistent with the agreement's terms.

67.     Denied.

**B. MaVie and ARIIX.**

68.     The Advanced Defendants admit that MaVie is a brand that offers nutritional and wellness products and a lifestyle membership that is sold through a multilevel marketing network. The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph of the SAC and therefore deny the same.

69.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph of the SAC and therefore deny the same.

70.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

71.     Denied.

72.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

73.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

74.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

75.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

76.     The Advanced Defendants admit that James Lee and the Soojays have joined MaVie. The Advanced Defendants deny all remaining allegations inconsistent with this response.

77.     Denied.

**C. Jon McKillip.**

78.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

79.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

80.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

81.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

82.     The Advanced Defendants admit that for a period McKillip was a Strategic Advisor for MaVie. The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph of the SAC and therefore deny the same.

83.     Denied.

84.     Denied.

85.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

86.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

87.     Denied.

88.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

89.     The Advanced Defendants admit that Barakat met with Morris in Texas. The Advanced Defendants deny the remaining allegations in paragraph 89.

90.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

91.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

92.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

93.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

**D. Kyle Lowe**

94.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

95.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

96.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

97.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

98.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

99.     The Advanced Defendants admit Lowe was the President of International Sales and Expansion at MaVie. The Advanced Defendants deny all allegations inconsistent with this response.

100.     Denied.

101.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

102.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

103.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

104.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

105.    The Advanced Defendants admit that Barakat met with Morris in Texas. The Advanced Defendants deny all allegations inconsistent with this response.

106.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

107.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

108.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

109.    Denied.

110.    Denied.

111.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

112.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

113.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

114.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

**E. Anthony Fitzgerald**

115.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

116.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

117.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

118.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

119.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

120.    The Advanced Defendants admit that Fitzgerald has a business relationship with MaVie and has served as Regional Vice President, Oceania and Middle East. The Advanced Defendants deny all allegations inconsistent with this response.

121.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

122.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

123.    Denied.

124.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

125.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

126.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

127.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

**F. Michelle Siddy**

128.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

129.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

130.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

131.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

132.    The Advanced Defendants admit Siddy is Regional Vice President, Europe for MaVie.  The Advanced Defendants deny all allegations inconsistent with this response.

133.    Denied.

134.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

135.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

136.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

137.    Denied.

138.    Denied.

139.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

**G. Daniel Audet**

140.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

141.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

142.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

143.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

144.    The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

145.    The Advanced Defendants admit that for a period of time Audet was the Chief Operations Officer for MaVie. The Advanced Defendants deny all allegations inconsistent with this response.

146.    Denied.

147.    The Advanced Defendants admit Barakat met with Audet and Lowe on one occasion in Dallas, Texas in 2014 regarding Advanced Wellness' skin care products. The Advanced Defendants deny all allegations inconsistent with this response.

148.    The Advanced Defendants admit that since leaving WV, Barakat has communicated with Lowe and McKillip at least once on their personal email accounts. The Advanced Defendants deny all allegations inconsistent with this response.

149.    Denied.

150.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

151.     The Advanced Defendants admit Audet was involved in the 2017 business negotiations between Advanced and WVH regarding WV's Asia market. The Advanced Defendants admit that Barakat met with Morris in Texas. The Advanced Defendants deny all allegations inconsistent with this response.

152.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

153.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

154.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

155.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

**H. All The Advanced Defendants**

156.     Denied.

157.     Denied.

158.     Denied.

159.   Denied.

160.   Denied.

## V. CONDITIONS PRECEDENT

161.   Denied.

## VI. COUNT 1 - VIOLATION OF THE LANHAM ACT

162.   The Advanced Defendants repeats and incorporates by reference each of the

answers in paragraphs 1 through 161 above as if fully set forth herein.

163.   Denied.

164.   Denied.

165.   Denied.

166.   Denied.

167.   Denied.

168.   Denied.

169.   Denied.

170.   Denied.

171.   Denied.

172.   Denied.

173.   Denied.

174.   Denied.

175.   Denied.

176.   Denied.

## VII. COUNT 2 - MISAPPROPRIATION OF TRADE SECRETS AND CONFIDENTIAL AND PROPRIETARY INFORMATION (Texas Uniform Trade Secrets Act, TEX. CIV. PRAC. & REM. CODE Chapter 134A) AND TEXAS COMMON LAW

## MISAPPROPRIATION OF TRADE SECRETS

177.   The Advanced Defendants repeats and incorporates by reference each of the answers in paragraphs 1 through 176 above as if fully set forth herein.

178.   Denied.

179.   The Advanced Defendants deny that WVH has or protected any purported trade secrets. The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph of the SAC and therefore deny the same.

180.   The Employee Handbook and employment-related documents speak for themselves and the Advanced Defendants deny all remaining allegations inconsistent with the documents' terms.

181.   The Advanced Defendants deny that WVH has or protected any purported trade secrets. The Advanced NDA speaks for itself and the Advanced Defendants deny all remaining allegations inconsistent with the agreement's terms.

182.   The Advanced Defendants deny that WVH has or protected any purported trade secrets. The Audet Offer Letter and Fitzgerald Offer Letter speak for themselves, and the Advanced Defendants deny all remaining allegations inconsistent with the agreement's terms.

183.   Denied.

184.   The Advanced Defendants deny that WVH has or protected any purported trade secrets. The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph of the SAC and therefore deny the same.

185.   The Advanced Defendants admit that Barakat met with Matt Morris in Texas. The Advanced Defendants deny that Barakat traveled to Texas to attempt to recruit to MaVie

individuals such as Morris. The Advanced Defendants deny all remaining allegations inconsistent with this response.

186.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

187.     Denied.

188.     Denied.

## VIII. COUNT 3 - MISAPPROPRIATION OF TRADE SECRETS AND CONFIDENTIAL AND PROPRIETARY INFORMATION IN VIOLATION OF THE UNITED STATES DEFEND TRADE SECRETS ACT OF 2016

189.     The Advanced Defendants repeats and incorporates by reference each of the answers in paragraphs 1 through 188 above as if fully set forth herein.

190.     Denied.

191.     Denied.

192.     Denied.

193.     Denied.

194.     Denied.

195.     Denied.

196.     Denied.

197.     Denied.

198.     Denied.

199.     Denied.

## IX. COUNT 4 - CONVERSION

200.    The Advanced Defendants repeats and incorporates by reference each of the answers in paragraphs 1 through 199 above as if fully set forth herein.

201.    Paragraph 201 makes no allegation against the Advanced Defendants and therefore the Advanced Defendants make no answer thereto.

202.    Paragraph 202 makes no allegation against the Advanced Defendants and therefore the Advanced Defendants make no answer thereto.

203.    Paragraph 203 makes no allegation against the Advanced Defendants and therefore the Advanced Defendants make no answer thereto.

204.    Paragraph 204 makes no allegation against the Advanced Defendants and therefore the Advanced Defendants make no answer thereto.

205.    Paragraph 205 makes no allegation against the Advanced Defendants and therefore the Advanced Defendants make no answer thereto.

## X. COUNT 5 – BREACH OF CONTRACT

206.    The Advanced Defendants repeats and incorporates by reference each of the answers in paragraphs 1 through 205 above as if fully set forth herein.

207.    Denied.

208.    Paragraph 208 is vague and does not specify which contracts are at issue. The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

209.    The Advanced Defendants admit that Advanced Wellness executed a Mutual Confidentiality Agreement with WVH. The agreement speaks for itself and the Advanced Defendants deny all remaining allegations inconsistent with the terms in the agreement Advanced

Wellness signed. The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph of the SAC and therefore deny the same.

210.    Denied.

211.    Paragraph 211 makes no allegation against the Advanced Defendants and therefore the Advanced Defendants make no answer thereto.

212.    The Advanced Defendants deny Audet, Fitzgerald, Siddy, McKillip, or Lowe forwarded or shared WVH's alleged confidential information with the Advanced Defendants. Paragraph 212 makes no allegation against the Advanced Defendants and therefore the Advanced Defendants make no further answer thereto.

213.    Paragraph 213 makes no allegation against the Advanced Defendants and therefore the Advanced Defendants make no answer thereto.

214.    Paragraph 214 makes no allegation against the Advanced Defendants and therefore the Advanced Defendants make no answer thereto.

215.    Paragraph 215 makes no allegation against the Advanced Defendants and therefore the Advanced Defendants make no answer thereto.

216.    Paragraph 216 makes no allegation against the Advanced Defendants and therefore the Advanced Defendants make no answer thereto.

217.    Paragraph 217 makes no allegation against the Advanced Defendants and therefore the Advanced Defendants make no answer thereto.

218.    Paragraph 218 makes no allegation against the Advanced Defendants and therefore the Advanced Defendants make no answer thereto.

219.    Denied.

220.    Denied.

221.    Denied.

222.    Denied.

## XII. COUNT 7 - BREACH OF FIDUCIARY DUTY

223.    The Advanced Defendants repeats and incorporates by reference each of the answers in paragraphs 1 through 222 above as if fully set forth herein.

224.    Paragraph 224 makes no allegation against the Advanced Defendants and therefore the Advanced Defendants make no answer thereto.

225.    Paragraph 225 makes no allegation against the Advanced Defendants and therefore the Advanced Defendants make no answer thereto.

226.    Paragraph 226 makes no allegation against the Advanced Defendants and therefore the Advanced Defendants make no answer thereto.

227.    Paragraph 227 makes no allegation against the Advanced Defendants and therefore the Advanced Defendants make no answer thereto.

228.    Paragraph 228 makes no allegation against the Advanced Defendants and therefore the Advanced Defendants make no answer thereto.

229.    Paragraph 229 makes no allegation against the Advanced Defendants and therefore the Advanced Defendants make no answer thereto.

230.    Paragraph 230 makes no allegation against the Advanced Defendants and therefore the Advanced Defendants make no answer thereto.

231.    Paragraph 231 makes no allegation against the Advanced Defendants and therefore the Advanced Defendants make no answer thereto.

## XIII. COUNT 8 – TORTIOUS INTERFERENCE
## WITH EXISTING BUSINESS RELATIONSHIPS

232.     The Advanced Defendants repeats and incorporates by reference each of the answers in paragraphs 1 through 232 above as if fully set forth herein.

233.     Denied.

234.     Paragraph 234 sets out a legal conclusion to which no response is necessary.

235.     Paragraph 235 sets out a legal conclusion to which no response is necessary.

236.     The Advanced Defendants deny Barakat traveled to Texas to actively recruit Morris. The Advanced Defendants deny all allegations inconsistent with this response.

237.     The Advanced Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the SAC and therefore deny the same.

238.     The Advanced Defendants deny that McKillip, on behalf of the Advanced Defendants, encouraged Eric Allen, Dennis Bay, Sir Erwin, Steinar Husby, and James Lee to breach their contractual obligations to WVH. The Advanced Defendants deny all allegations inconsistent with this response.

239.     The Advanced Defendants deny that Lowe, on behalf of the Advanced Defendants, encouraged the Soojays to breach their contractual obligations to WVH. The Advanced Defendants deny all allegations inconsistent with this response.

240.     Denied.

241.     Denied.

242.     Denied.

## XIV. COUNT 9 –UNFAIR COMPETITION

243.    The Advanced Defendants repeats and incorporates by reference each of the answers in paragraphs 1 through 242 above as if fully set forth herein.

244.    Denied.

245.    Denied.

246.    Denied.

247.    Denied.

248.    Denied.

249.    Denied.

## XV. CONSPIRACY

250.    The Advanced Defendants repeats and incorporates by reference each of the answers in paragraphs 1 through 249 above as if fully set forth herein.

251.    Denied.

252.    Denied.

253.    Denied.

254.    Denied.

255.    Denied.

## XVI. ASSISTING OR ENCOURAGING

256.    The Advanced Defendants repeats and incorporates by reference each of the answers in paragraphs 1 through 255 above as if fully set forth herein.

257.    Denied.

258.    Denied.

259.    Denied.

260.    Denied.

261.    Denied.

262.    Denied.

263.    Denied.

## XVII. CONCERT OF ACTION

264.    The Advanced Defendants repeats and incorporates by reference each of the answers in paragraphs 1 through 263 above as if fully set forth herein.

265.    Denied.

266.    Denied.

267.    Denied.

## XVIII. JOINT ENTERPRISE

268.    The Advanced Defendants repeats and incorporates by reference each of the answers in paragraphs 1 through 267 above as if fully set forth herein.

269.    Denied.

270.    Denied.

271.    Denied.

272.    Denied.

273.    Denied.

274.    Denied.

## XIX. JOINT AND SEVERAL LIABILITY

275.    The Advanced Defendants repeats and incorporates by reference each of the answers in paragraphs 1 through 274 above as if fully set forth herein.

276.    Denied.

## XX. EXEMPLARY DAMAGES

277.     The Advanced Defendants repeats and incorporates by reference each of the answers in paragraphs 1 through 276 above as if fully set forth herein.

278.     Denied.

279.     Denied.

280.     Denied.

281.     The Advanced Defendants admit that WVH is seeking exemplary damages. The Advanced Defendants deny that WVH is entitled to any relief as to the Advanced Defendants.

## XXI. DECLARATORY RELIEF

282.     The Advanced Defendants repeats and incorporates by reference each of the answers in paragraphs 1 through 281 above as if fully set forth herein.

283.     The Advanced Defendants admit that WVH is purportedly seeking declaratory relief. The Advanced Defendants deny that WVH has properly alleged a claim under the Declaratory Judgment Act, 28 U.S.C § 2201. The Advanced Defendants deny that WVH is entitled to any relief as to the Advanced Defendants.

284.     The Advanced Defendants admit that WVH is alternatively seeking actual damages, exemplary damages, and disgorgement of profits. The Advanced Defendants deny that WVH is entitled to any relief as to the Advanced Defendants.

## XXII. INJUNCTIVE RELIEF REQUESTED

285.     The Advanced Defendants repeats and incorporates by reference each of the answers in paragraphs 1 through 284 above as if fully set forth herein.

286.     The Advanced Defendants admit that WVH is seeking a preliminary and permanent injunction. The Advanced Defendants deny that WVH is entitled to any relief as to the Advanced

Defendants and note that a preliminary injunction was denied by the Court as to the Advanced Defendants.

### A. Preliminary Injunction Relief Requested

287.    The Advanced Defendants admit that WVH is seeking a preliminary injunction order. The Advanced Defendants deny that WVH is entitled to any relief as to the Advanced Defendants.

### B. Permanent Injunction Relief Requested

288.    The Advanced Defendants admit that WVH is seeking a permanent injunction order. The Advanced Defendants deny that WVH is entitled to any relief as to the Advanced Defendants.

## XXIII. ATTORNEYS' FEES REQUESTED

289.    The Advanced Defendants admit that WVH is seeking attorney's fees. The Advanced Defendants deny that WVH is entitled to any relief as to the Advanced Defendants.

## XXIV. PREJUDGMENT INTEREST

290.    The Advanced Defendants repeats and incorporates by reference each of the answers in sections I through XXIII above as if fully set forth herein.

291.    The Advanced Defendants admit that WVH is seeking prejudgment interest. The Advanced Defendants deny that WVH is entitled to any relief as to the Advanced Defendants.

## XXV. POST-JUDGMENT INTEREST

292.    The Advanced Defendants repeats and incorporates by reference each of the answers in sections I through XXIV above as if fully set forth herein.

293.    The Advanced Defendants admit that WVH is seeking post-judgment interest. The Advanced Defendants deny that WVH is entitled to any relief as to the Advanced Defendants.

## XXVI. JURY TRIAL

294.    The Advanced Defendants admit that WVH demanded a trial by jury.

## XXVII. PRAYER

295.    The Advanced Defendants deny that WVH is entitled to any relief from the Advanced Defendants, whether sought in the Prayer or otherwise. WVH's Prayer should, therefore, be denied in its entirety and with prejudice, and WVH should take nothing from the Advanced Defendants.

## DEFENSES AND AFFIRMATIVE DEFENSES

The Advanced Defendants asserts the following defenses without assuming any burden of proof that rightfully should be placed on WVH. Furthermore, the Advanced Defendants repeats and incorporates by reference each of the answers in paragraphs 1 through 295 above with each of the following defenses as if fully set forth herein.

## FIRST DEFENSE

296.    On information and belief, WVH does not have standing for relief sought in the SAC.

## SECOND DEFENSE

297.    WVH failed to state a claim against the Advanced Defendants on which relief can be granted.

## THIRD DEFENSE

298.    WVH had a duty to mitigate their alleged damages and failed to do so. Their damages, if any, are therefore either barred or reduced.

## FOURTH DEFENSE

299. WVH is not entitled to injunctive relief, damages, or any other relief because it failed to sufficiently plead the required elements for such relief.

### FIFTH DEFENSE

300. WVH failed to sufficiently plead a claim for relief, has adequate remedy at law for any alleged injury and is not entitled to injunctive relief.

### SIXTH DEFENSE

301. WVH's claims are barred because it has not suffered any damage as a result of the allegations in the SAC.

### SEVENTH DEFENSE

302. If WVH has been harmed as alleged, which status is expressly denied, the harm was caused in whole or in part by WVH's own actions or omissions and are not entitled to relief.

### EIGHTH DEFENSE

303. WVH's claims are barred by the doctrine of laches and estoppel.

### NINTH DEFENSE

304. WVH's claims are barred because its claims are frivolous, brought in bad faith, and are brought for an improper purpose and were brought without reasonable inquiry.

### TENTH DEFENSE

305. WVH's claims are barred, in whole or in part, because it is unable to establish that the Advanced Defendants caused any of the harm for which WVH seek redress.

### ELEVENTH DEFENSE

306. WV Holdings's claims are barred, in whole or in part, because it waived any rights or claims that it may have against the Advanced Defendants.

### TWELFTH DEFENSE

307.     WVH's claims are barred, in whole or in part, under the doctrine of *in pari delicto*.

### THIRTEENTH DEFENSE

308.     WVH's claims alleging misappropriation of trade secrets are barred, in whole or in part, because the information allegedly misappropriated was not a trade secret, and/or was readily ascertainable by proper means.

### FOURTEENTH DEFENSE

309.     WVH's claims alleging misappropriation of trade secrets are barred, in whole or in part, because WVH did not take proper efforts to keep the purported confidential information or confidential documents secret.

### FIFTEENTH DEFENSE

310.     WVH's claims alleging misappropriation of trade secrets are barred, in whole or in part, because the Advanced Defendants did not obtain any purported trade secrets or confidential and proprietary information by improper means.

### SIXTEENTH DEFENSE

311.     WVH's claims alleging misappropriation of trade secrets are barred, in whole or in part, because the Advanced Defendants has not misappropriated any of WVH's purported trade secrets or confidential and proprietary information.

### SEVENTEENTH DEFENSE

312.     WVH's claims alleging misappropriation of trade secrets are barred, in whole or in part, because of the Advanced Defendants' independent development.

### EIGHTEENTH DEFENSE

313.     WVH's claims alleging misappropriation of trade secrets are barred, in whole or in part, because the alleged trade secrets or confidential and proprietary information lack independent economic value.

## NINETEENTH DEFENSE

314.     WVH's claims alleging misappropriation of trade secrets are barred, in whole or in part, because the Advanced Defendants have not been unjustly enriched.

## TWENTIETH DEFENSE

315.     WVH's claims based on any purported agreement are barred, in whole or in part, because they are not a party to the agreements at issue and any restrictive covenants upon which WVH seek recovery are unenforceable because they are overly broad, and WVH does not have standing.

## TWENTY-FIRST DEFENSE

316.     WVH's claims based on any purported agreement are barred, in whole or in part, because the provisions upon which WVH seek recovery are illegal or void as against public policy.

## TWENTY-SECOND DEFENSE

317.     WVH's claims based on any purported agreement are barred, in whole or in part, because the Advanced Defendants did not have any non-compete or non-solicitation restrictions in any agreement with WVH.

## TWENTY-THIRD DEFENSE

318.     WVH's claims are barred, in whole or in part, to the extent of any fraudulent activity by WVH relating to such claims.

## TWENTY-FOURTH DEFENSE

319.     WVH's claims are barred, in whole or in part, by unclean hands.

## TWENTY-FIFTH DEFENSE

320.    WVH's claims are barred, in whole or in part, because the agreements at issue are an unlawful restraint of trade.

## TWENTY-SIXTH DEFENSE

321.    WVH's claims are barred, in whole or in part, by waiver.

## TWENTY-SEVENTH DEFENSE

322.    WVH's claims for tortious interference are barred, in whole or in part, because the Advanced Defendants was legally justified and excused in his actions and/or there is no enforceable contract to support the tort.

## TWENTY-EIGHTH DEFENSE

323.    WVH's claims for tortious interference are barred, in whole or in part, because the Advanced Defendants were privileged in their action.

## TWENTY-NINTH DEFENSE

324.    WVH's claims for tortious interference are barred, in whole or in part, because the Advanced Defendants have an equal or superior right in the subject matter to that of WVH.

## THIRTIETH DEFENSE

325.    WVH's claims for tortious interference are barred, in whole or in part, because the contracts at issue are illegal.

## THIRTY-FIRST DEFENSE

326.    WVH's claims for tortious interference are barred, in whole or in part, because the contracts at issue are ambiguous, invalid, or unenforceable.

## THIRTY-SECOND DEFENSE

327.    WVH's claims are barred, in whole or in part, it is not the proper party to the agreements and the agreements are unenforceable.

### THIRTY-THIRD DEFENSE

328.    WVH's claims for breach of contract are barred, in whole or in part, because the contracts at issue are illegal.

### THIRTY-FOURTH DEFENSE

329.    WVH's claims are barred, in whole or in part, by WVH's prior material breach of contract.

### THIRTY-FIFTH DEFENSE

330.    WVH is not entitled to recover attorney's fees because the requirements of Chapter 38 of the Texas Civil Practice and Remedies Code are not met.

### THIRTY-SIXTH DEFENSE

331.    WVH is not entitled to recover attorney's fees because the requirements of Chapter 39 of the Texas Civil Practice and Remedies Code are not met.

### THIRTY-SEVENTH DEFENSE

332.    WVH are not entitled to recover attorney's fees because WVH does not have protectable trade secrets.

### THIRTY-EIGHTH DEFENSE

333.    The Advanced Defendants are entitled to the damages caps and limitations contained in the Texas Civil Practice & Remedies Code, the United States Constitution, the Constitution of the State of Texas, and all other applicable laws.

### THIRTY-NINTH DEFENSE

334.    All conditions precedent to the filing of this cause of action have not been satisfied.

**FORTIETH DEFENSE**

335.     WVH's claims are barred because they are frivolous, brought in bad faith, brought for an improper purpose and were brought without reasonable inquiry.

**FORTY-FIRST DEFENSE**

336.     WVH's claims are barred because it has not incurred any damages.

**FORTY-SECOND DEFENSE**

337.     WVH is not entitled to recover attorneys' fees.

**RIGHT TO AMEND ANSWER**

354.     The Advanced Defendants reserve the right to supplement or amend their Answer to further assert any other defenses or claims.

**DEMAND FOR ATTORNEYS' FEES AND COSTS**

355.     The Advanced Defendants are entitled to recover all attorney's fees, expert witness fees, and costs against WVH under all applicable law, including but not limited to, Sections 15.51 and 38.001 of the Texas Business and Commerce Code and 15 U.S.C. § 1117(a).

**ORIGINAL COUNTERCLAIMS**

Counter-Plaintiffs Advanced Wellness Solutions Pte. Ltd. ("Advanced Wellness") and Abdelwadoud Barakat ("Barakat") (collectively, "Counter-Plaintiffs") individually complain about Counter-Defendant WorldVentures Holdings, LLC ("WVH") as follows:

**THE PARTIES**

1.     Counter-Plaintiff Advanced Wellness is a private limited company incorporated under the laws of Singapore with a registered office in Singapore.

2.     Counter-Plaintiff Barakat is a Jordanian citizen residing in Dubai, United Arab Emirates.

3.      According to the allegations in Paragraph 20 of Plaintiffs' Second Amended Complaint ("SAC"), WVH is a limited liability company organized and existing under the laws of the State of Nevada with a principal place of business at 5100 Tennyson Pkwy., Plano, TX 75024.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and 2201–02.

5.      This Court has personal jurisdiction over WVH because it consented to the jurisdiction of this Court by filing this action against the Counter-Plaintiffs in this Court.

6.      Venue for these Counterclaims is proper in this District because WVH consented to the propriety of venue in this District by filing this action against the Counter-Plaintiffs in this Court.

## BACKGROUND OF THE COUNTERCLAIM

7.      Advanced Wellness is a marketing company for DNA based products and services with a focus on personalized skin products and nutrition supplements. In early 2017, Advanced Wellness began developing an online direct sales and marketing platform to offer unique nutritional, health, and experience products tailored to customers by the results of their personal DNA tests. Creating personalized wellness solutions and products for its customers based on DNA testing sets Advanced Wellness's business apart from other companies, including WVH. Advanced Wellness's portfolio also includes online shopping, rewards programs and other benefits for its customers, which are accessible through their subscriptions with Advanced Wellness.

8.      These programs and the DNA testing technology were developed and existed well before Advanced Wellness met with WVH in the summer of 2017. Advanced Wellness offers these personalized and tailored products under the brand name "MaVie."

9.      In early 2017, Advanced Wellness was in the process of developing its online marketing platform for products and services, and was evaluating its marketing and distribution channel options through direct sales or multi-level marketing. Around that time, Advanced Wellness was approached and made aware that WVH was in need of increased cash flow and was exploring the possibility of finding support in Asia for World Ventures Holdings (Asia) Pte. Ltd., which is based in Singapore ("WV Asia").

10.      In the summer of 2017, Advanced Wellness and WVH began exploring what turned out to be short-lived and ultimately unsuccessful discussions regarding the possibility of a potential business relationship in Asia. In connection with those non-binding discussions, Advanced Wellness and WVH participated in meetings regarding potential business opportunities in Asia. During that time, Advanced Wellness presented to WVH on Advanced Wellness's business plans related to its products and services, which WVH agreed to keep confidential.

11.      Counter-Plaintiffs never agreed to any non-compete or non-solicitation obligations to WVH in connection with these short-lived discussions. Barakat never enter into any agreements with WVH in his individual capacity.

12.      Due to the significant business difficulties WVH had experienced prior to any negotiations with Advanced Wellness, including the departure of a significant number of representatives of WVH's affiliated entities ("Affiliates"), the inability or failure to pay certain commissions, being declared an illegal pyramid scheme in certain countries, executive turnover and financial pressures, WVH was interested in partnering with Advanced Wellness to address some of the difficulties they had been experiencing in Asia where Advanced Wellness was reputable. Ultimately, however, Advanced Wellness and WVH decided not to pursue a business relationship.

13.     After negotiations fell through, WVH continued to experience the same type of business pressures that had preexisted any discussions with Advanced Wellness, thereby leading to continued decline in confidence as to WVH's and its Affiliates business and additional departures of WVH's employees and Affiliates' representatives and employees, including the Individual Defendants in this matter.[2]

14.     For example, certain Affiliates were investigated for tax evasion or as an illegal pyramid scheme in several countries including at least South Africa, Cyprus, China, and Taiwan. Additionally, WVH's business in Norway was declared an illegal pyramid scheme, thereby precluding any Affiliate entity from operating there.

15.     Counter-Plaintiffs also discovered that beginning in or around 2016, in connection with its myriad of legal and financial difficulties, having nothing to do with Counter-Plaintiffs, WorldVentures Marketing, LLC ("WV Marketing"), an Affiliate, began losing hundreds of thousands of representatives.

16.     Additionally, since at least 2016, WV Marketing and other Affiliates have failed to timely pay commissions to tens of thousands, if not hundreds of thousands, of their representatives and has yet to pay all of the commissions owed to their representatives.

17.     Indeed, rather than honoring their legal commitments to pay all commissions owed to representatives, WV Marketing and other Affiliates decided to redirect money that should have been used to pay commissions to instead fund multiple litigation attacks launched by WVH and Affiliates to restrain fair competition.

18.     The Individual Defendants and Counter-Plaintiffs did not have non-compete or non-solicitation obligations to WVH and its Affiliates had a history of countless representatives

---

[2] "Individual Defendants" refers to Daniel Audet, Anthony Fitzgerald, Michelle Siddy, Jonathon McKillip, and Kyle Lowe.

and employees leaving to work for competitors or other companies without issue from their respective Affiliate. This was, in part, because WVH's business was on the brink of potential bankruptcy, having nothing to do with Counter-Plaintiffs.

19.     WVH and Affiliates developed a plan to use litigation and social media as a tool to instill fear among representatives and employees in an attempt to prevent them from leaving or pursuing other legitimate opportunities. WVH also sought to prevent Counter-Plaintiffs from growing Advanced Wellness's business and pursuing opportunities in the market.

20.     To facilitate their plan to squelch fair competition, in May of 2018, WVH and its Affiliates raced to the courthouse without sufficient evidence, filed suit against Counter-Plaintiffs based on false accusations and obtained an *ex parte* Temporary Restraining Order (Dkt. #5) that initially operated to prevent Counter-Plaintiffs from, among other things, running their business, paying their personnel and delivering products. WVH and its Affiliates were only able to obtain this relief by falsely claiming that Counter-Plaintiffs had stolen its alleged trade secrets or instructed others to do the same, which WVH and its Affiliates had no evidence to support.

21.     Thereafter, the Court held a preliminary injunction hearing during which WVH and its Affiliates acknowledged that there was no evidence that Counter-Plaintiffs had misappropriated WVH's confidential information or alleged trade secrets or that they had instructed or encouraged any of the Individual Defendants to take WVH's confidential information or alleged trade secrets.

22.     During the three-day preliminary injunction hearing, WVH admitted that it had no knowledge or evidence to show Counter-Plaintiffs had directed anyone to misappropriate WVH's alleged trade secrets. *See e.g.*, June 26, 2018 PI Hrg. Tr. at 266:12-20; June 27, 2018 PI Hrg. Tr. at 87:24-88:12; 96:24-97:12; and 100:7-11. WVH further admitted that it had no knowledge or evidence to show that Counter-Plaintiffs directed any individual to breach their contractual

obligations to WVH. *See e.g.,* June 27, 2018 PI Hrg. Tr. at 78:11-20; 79:12-18; 87:24-88:12; and 100:12-21. WVH also admitted that it had no knowledge or evidence that Counter-Plaintiffs individually misappropriated WVH's trade secrets. *See* June 26, 2018 PI Hrg. Tr. at 266:8-11; 267:4-267:8; June 27, 2018 PI Hrg. Tr. at 103:19-22.

23.     Following the preliminary injunction hearing, the Court concluded that WVH had not produced sufficient evidence to enjoin Counter-Plaintiffs and subsequently dissolved the *Ex Parte* Temporary Restraining Order as to the Counter-Plaintiffs and denied WVH's application for a preliminary injunction as to Counter-Plaintiffs.

24.     Committed to their unlawful plan to restrain fair competition and free movement in the market and with full knowledge about the lack of evidence as to Counter-Plaintiffs, however, WVH continued to assert baseless claims against Counter-Plaintiffs even in its Second Amended Complaint.

25.     Further, in a concerted effort to disparage Counter-Plaintiffs' business, gain an unfair competitive advantage, and prevent representatives from leaving WVH and its Affiliates, WVH encouraged or permitted certain of Affiliates' representatives, including Matt Morris and Eric Gusevik, to publish negative and misleading statements regarding Advanced Wellness, Barakat, and/or the MaVie business line.

26.     WVH's disparaging conduct was intended to diminish Counter-Plaintiffs' reputations and credibility, interfere with their business and growth opportunities, and impose fear on representatives and employees of WVH who are without the financial means to defend themselves against WVH's litigious scare tactics.

## CAUSES OF ACTION

### Count 1 – Business Disparagement

44

27.     Counter-Plaintiffs incorporate by reference paragraphs 1 through 26 set forth above.

28.     Since initiating litigation against Counter-Plaintiffs, WVH has disparaged Counter-Plaintiffs in an attempt to squelch fair competition and gain an unfair competitive advantage. Despite admitting that Counter-Plaintiffs did not instruct any of the other Defendants or any current or former representatives of WVH Affiliates to misappropriate or disclose any of WVH's alleged confidential and proprietary information or trade secrets and admitting to having no evidence that Barakat misappropriated any of WVH's alleged trade secrets or directed any individual to breach their contractual obligations to WVH, WVH nonetheless published disparaging statement(s) regarding Counter-Plaintiffs.

29.     As part of this disparagement, WVH has encouraged one or more of its representatives or employees to give false information regarding Counter-Plaintiffs.

30.     Additionally, in other foreign lawsuits initiated against Advanced Wellness related entities and/or Advanced Wellness representatives, WVH has knowingly made misleading statement(s) and/or omitted material facts to the respective courts.

31.     WVH knew that the disparaging statement(s) were false when made, and yet allowed them to be published with malice to harm Counter-Plaintiffs' business and reputation or to gain an unfair competitive advantage.

32.     WVH published such statement(s) without privilege.

33.     WVH's unlawful actions have not only interfered with and unfairly impacted Counter-Plaintiffs' business and financial opportunities, but they have also significantly damaged their reputation and credibility.

34.     As a direct and proximate consequence of WVH's intentional disparagement,

Counter-Plaintiffs have suffered and will continue to suffer damages, including but not limited to, injury to their reputation, loss of good will, damage to their business, lost opportunity, lost time and have incurred significant unnecessary attorney's fees and costs, for which they are entitled to recover from WVH.

35.     Counter-Plaintiffs are also entitled to recover pre- and post- judgment interest and exemplary damages.

### Count 2 – Tortious Interference with Prospective Business Relations

36.     Counter-Plaintiffs incorporate by reference paragraphs 1 through 35 set forth above.

37.     WVH actively interfered with one or more of Counter-Plaintiffs' prospective business relations.

38.     Despite WVH's knowledge that Advanced Wellness did not have a non-solicitation provision in the Mutual Confidentiality Agreement and Barakat had no agreement with Counter-Defendant, WVH tortiously interfered withone or more of  Counter-Plaintiffs prospective business relationships.

39.     WVH has stated that a representative is free to leave WV Marketing at any time to work for another multi-level marketing company, such as Advanced Wellness. *See* June 26, 2018 PI Hrg. Tr. at 169:9-20. WVH has also stated an Affiliate's representative is free to approach Advanced Wellness to discuss becoming an Advanced Wellness representative without breaching their contractual obligations to WV Marketing. *See id.* at 234:8-15. Further, WV Marketing's representatives are free to leave with any individual who they have personally recruited. *See id.* at 262:9-12.

40.     Furthermore, WVH assisted and encouraged others to disparage Counter-Plaintiffs

in an attempt to prevent individuals from conducting business with Counter-Plaintiffs.

41.     Additionally, upon learning of certain Affiliates' representatives' desire to leave WV Marketing for Advanced Wellness, Counter-Plaintiff maliciously disparaged Counter-Plaintiffs business to ensure these representatives did not leave.

42.     WVH's tortious interference has caused and will continue to cause actual damages and/or loss to Counter-Plaintiffs, which Counter-Plaintiffs are entitled to recover from WVH. Given the willful and malicious nature of its actions, WVH is also liable for punitive damages. Counter-Plaintiffs are further entitled to injunctive relief to prevent WVH and its agents from engaging in further misconduct and/or benefitting from their tortious interference.

## ATTORNEY'S FEES

43.     The Texas Business & Commerce Code and the Texas Civil Practice and Remedies Code provides for an award of costs and attorney's fees where an entity seeks to enforce an overbroad restrictive covenant to a greater extent than necessary to protect its legitimate business interest. Because WVH's actions violate these statutes and WVH has wrongfully sued Counter-Plaintiffs for allegedly interfering with an unenforceable contract that WV Holdings is not a party to, Counter-Plaintiffs seeks to recover, individually, all costs and fees incurred in connection with this lawsuit and through all levels of appeal, including attorney's fees, costs, and expert witness fees, under all applicable law.

## JURY DEMAND

44.     Counter-Plaintiffs requests a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

Counter-Plaintiffs respectfully requests the following relief:

A.     That WVH's claims against Counter-Plaintiffs be dismissed with prejudice and that

WVH take nothing against Counter-Plaintiffs by way of its SAC;

B.      That judgement be rendered in favor of Counter-Plaintiffs;

C.      Actual damages;

D.      Exemplary damages;

E.      Attorneys' fees;

F.      Court costs and other fees;

G.      All other relief, at law or equity, to which Counter-Plaintiffs may be entitled.

Dated: December 18, 2018                        Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ Michelle D. Pector*

Michelle D. Pector, Lead Attorney
State Bar No. 24027726
michelle.pector@morganlewis.com

Veronica J. Lew
State Bar No. 24082110
veronica.lew@morganlewis.com

Yon-Sun W. Sohn
State Bar No. 24083888
yon.sohn@morganlewis.com

Maryann B. Zaki
State Bar No. 24088707
maryann.zaki@morganlewis.com

Elizabeth M. Chiaviello
State Bar No. 24088913
elizabeth.chiaviello@morganlewis.com

1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile

**SIEBMAN, FORREST, BURG & SMITH, LLP**

Clyde M. Siebman

State Bar No. 18341600
clydesiebman@siebman.com

Elizabeth Forrest
State Bar No. 24086207
elizabethforrest@siebman.com

Federal Courthouse Square
300 North Travis Street
Sherman, TX 75090

*Attorneys for Defendants*
*Advanced Wellness Solutions Pte. Ltd. and*
*Abdelwadoud Barakat*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has this day been served electronically by transmission to an electronic filing service provider for service through the Court's Case Management/Electronic Case Files (CM/ECF) system to the attorneys of record for all parties.

/s/ *Michelle D. Pector*
Michelle D. Pector